■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL C. FULLER, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: In this prosecution for the crime of incest committed by defendant with his daughter, who was over the age of 17 years, the court instructed the jury that "there is not any legal requirement that the act of sexual intercourse be corroborated by additional evidence". This was error.

An adult female who engages in intercourse with her father may be an accomplice to the incest and her testimony then requires corroboration *(People v Facey,* 115 AD2d 11, 16, *affd for reasons stated at App Div* 69 NY2d 836). The determination of whether an adult daughter over the age of consent (defined in the Penal Law as over the age of 17 [Penal Law § 130.05 (3) (a)]) is an accomplice turns on whether the daughter's participation in the act of intercourse was voluntary or was, rather, the result of threats, intimidation, fraud, undue influence or the advances of a dominant relative. Thus, a question of fact is presented whether the daughter is an accomplice or a victim.

Further error was committed when the court allowed testimony by the daughter as to prior uncharged sexual acts with her father. The court admonished the jury that he was permit-

ting this testimony for the limited purpose of evaluating defendant's "amorous design" toward his daughter, and not as proof that defendant was predisposed to commit the charged crime. The Court of Appeals has recently held that, in an incest prosecution, the admission of testimony by the victim-daughter of prior uncharged incestuous acts with her father to prove her father's "amorous designs" constituted reversible error *(People v Lewis,* 69 NY2d 321, 325). (Appeal from judgment of Jefferson County Court, Aylward, J.—incest.) Present —Callahan, J. P., Doerr, Denman, Green and Balio, JJ.