■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CLARK, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant has been convicted of rape in the second degree and rape in the third degree. The victim is defendant's daughter. Over objection, the trial court permitted the daughter to testify regarding prior uncharged sexual acts with defendant. That was error. In an incest prosecution, the admission of testimony by the victim-daughter of prior uncharged sexual acts with her father to prove her father's " 'amorous design' "

constitutes reversible error *People v Lewis,* 69 NY2d 321, 325). The rationale for the *Lewis* decision is that the crime of incest requires no specific intent, only the general intention to perform the prohibited act; thus, whether defendant entertained an "amorous design" toward the victim and was predisposed to engage in sexual intercourse with her, or whether the victim consented to sexual intercourse with defendant, is irrelevant *(People v Lewis, supra,* at 327). As in the crime of incest, second and third degree rape (Penal Law § 130.30, 130.25) do not require specific intent and lack of consent is not an element. Thus, evidence of defendant's prior sexual conduct was improperly admitted. We reject the People's contention that *People v Lewis (supra)* should not be retroactively applied *(see, People v Fuller,* 138 AD2d 956). (Appeal from judgment of Niagara County Court, DiFlorio, J.—rape, second degree, and rape, third degree.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.