(December 24, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN E. KINGSBURY, Appellant. [683 NYS2d 600] —White, J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered August 25, 1997, upon a verdict convicting defendant of the crime of escape in the second degree.

After his arrest in August 1996 on the charge of criminal mischief in the third degree, defendant was taken to the Justice Court in the Town of Harpersfield, Delaware County, for arraignment. While waiting for that proceeding to commence, defendant escaped. When he was reapprehended in September 1996, he was charged with and convicted after trial of the crime of escape in the second degree. Thereafter, he was sentenced as a second felony offender to an indeterminate term of incarceration of 2 to 4 years. Defendant appeals.

Defendant takes issue with County Court's *Sandoval* ruling allowing the People to cross-examine him regarding his September 1995 petit larceny and March 1996 attempted burglary convictions. Defendant claims that the ruling was prejudicial as it created the risk that the jury would infer that he had criminal propensities, thereby satisfying the People's burden of establishing that his arrest on the criminal mischief charge was lawful (Penal Law § 205.00 [2]).

The purpose of a *Sandoval* hearing is to strike a balance between the probative worth of evidence of prior criminal conduct on the issue of a defendant's credibility and the prejudicial effect of such testimony (*see, People v Sandoval*, 34 NY2d 371, 375). In our recent recapitulation of the *Sandoval* protocol, we pointed out that in striking this balance the trial court must consider a number of factors, among them whether the criminal act evinced a deliberate determination to further self-interest at the expense of society or whether it was one of impulsive violence having no bearing on the defendant's credibility (*see, People v Young*, 249 AD2d 576, 579-582, *lv denied*

92 NY2d 908). In this instance, this factor militates in favor of admissibility since defense counsel candidly admitted that the subject crimes would be relevant to defendant's credibility as "both * * * involv[ed] honesty and dishonesty". We further note that County Court appropriately reconciled the interests of the People and the rights of defendant by curtailing the People's inquiry into the facts underlying the convictions and by providing extensive limiting instructions during the course of the trial (*see, People v Quesnel,* 238 AD2d 725, 726-727, *lv denied* 90 NY2d 896). Thus, in view of the circumstances, we perceive no reason to disturb County Court's *Sandoval* ruling.

We shall not consider defendant's objection to County Court's purported failure to give a limiting charge that defendant's conduct with respect to the criminal mischief charge was not probative of guilt on the escape charge because it was not preserved for our review (*see, People v Matthews,* 221 AD2d 802, 802-803, *lv denied* 88 NY2d 850). In any event, even if County Court should have given the charge, its failure to do so was harmless error given the overwhelming proof of defendant's guilt (*see, People v Carey,* 241 AD2d 748, 751, *lv denied* 90 NY2d 1010).

Although we shall sustain defendant's conviction, we must remit this matter for resentencing due to the People's failure to file a second felony offender statement pursuant to CPL 400.21 and the absence of an acknowledgment by defendant at sentencing of his prior felony conviction (*see, People v Miller,* 251 AD2d 747, 748; *compare, People v Brown,* 252 AD2d 835, 836-837, *lv denied* 92 NY2d 923).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Delaware County for resentencing; and, as so modified, affirmed.