■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL ESCALANTE, Also Known as PAUL POTTS, Appellant. [792 NYS2d 253]—

Rose, J. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered December 18, 2000, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

Defendant was charged with multiple crimes, including murder in the second degree and robbery in the first degree, stemming from his participation with four others in a robbery and burglary in the Town of Norwich, Chenango County, during which the victim was killed by a shotgun blast to the chest. Pursuant to a negotiated plea bargain, defendant pleaded guilty to one count of murder in the second degree in full satisfaction of the charges and, under the terms of the plea agreement, was promised the minimum sentence of 15 years to life in prison. A condition of the plea agreement was that defendant cooperate with the District Attorney in connection with the prosecution of the other participants. However, defendant thereafter refused to testify against an accomplice and, shortly before sentencing, moved to withdraw his plea based upon claims of involuntariness and ineffective assistance of counsel. At sentencing, County Court denied defendant's motion, found that his refusal to testify was a breach of the plea agreement and sentenced him to a term of 20 years to life in prison.

Defendant, for the first time on this appeal, challenges the factual sufficiency of his plea allocution. His motion to withdraw his plea did not preserve this issue because it was not based

upon this specific ground (*see People v Kemp*, 288 AD2d 635, 635-636 [2001]; *see also People v Covell*, 276 AD2d 824, 825 [2000]). Defendant's failure to raise the issue deprived County Court of the opportunity to address any alleged deficiency (*see People v McElhiney*, 237 AD2d 827, 827 [1997], *lv denied* 90 NY2d 861 [1997]). Furthermore, the narrow exception to the preservation doctrine does not apply here, as we find nothing in defendant's allocution that would negate an essential element of the crime (*see People v Lopez*, 71 NY2d 662, 666 [1988]). Were we to consider the issue in any event, we would conclude that County Court's acceptance of the plea was proper in all respects (*see People v Seeber*, 4 AD3d 620, 621-622 [2004], *affd* 4 NY3d 780 [2005]). Defendant stated that he aided a participant in the robbery by providing a shotgun and other materials with the knowledge that they would be used to commit a robbery. He told the participant that the victim had drugs and money in his house and then led the participant there. Although defendant did not enter the house and he may not have had an opportunity to share in the proceeds of the robbery, his allocution sufficiently showed his intent to forcibly deprive the victim of property (*see* Penal Law § 125.25 [3]).

We are also satisfied that defendant's plea was knowingly, intelligently and voluntarily made. County Court conducted a thorough inquiry and accepted the plea only after defendant assured the court that he was entering the plea entirely of his own free will, understood the rights he was relinquishing, had consulted and was satisfied with his counsel, and admitted to facts establishing the elements of felony murder (*see People v Burdo*, 1 AD3d 793, 794 [2003], *lv denied* 2 NY3d 761 [2004]).

Finally, while defendant now contends that his counsel was ineffective for failing to independently investigate the charges against him and acting too hastily in negotiating the plea agreement, he offers no explanation of how he would have benefitted from such an investigation or how his counsel's representation prejudiced him. In order to show prejudice, defendant would have to establish what evidence would have been discovered by a more thorough investigation and that it would have caused him to reject the plea offer and proceed to trial (*see People v McDonald*, 1 NY3d 109, 114 [2003]; *People v Roberts*, 9 AD3d 687, 687 [2004], *lv denied* 3 NY3d 742 [2004]). Defendant has not done so. In addition, the record shows that defendant's counsel secured a favorable plea involving considerably less prison time than defendant would have faced if convicted of the original charges after trial. The plea also was in satisfaction of another robbery charge and included a recommendation regarding crim-

inal charges pending elsewhere. This, together with defendant's statements at the plea proceeding that he had consulted with his counsel and was satisfied with counsel's representation, leads us to conclude that he was provided meaningful representation (*see People v Thomas*, 6 AD3d 754, 755 [2004]; *People v Washington*, 3 AD3d 741, 743 [2004], *lv denied* 2 NY3d 747 [2004]).

Mercure, J.P., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.