■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINCY L. SELLERS, Appellant. [809 NYS2d 717]—Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered August 5, 2003. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]). Defendant voluntarily, knowingly and intelligently waived his right to appeal (*see People v Zimmerman*, 219 AD2d 848 [1995], *lv denied* 88 NY2d 856 [1996]), and that waiver encompasses his challenge to the factual sufficiency of the plea allocution (*see People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]). The further contention of defendant that his plea was not voluntarily, knowingly and intelligently entered survives the waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]), but defendant failed to preserve that contention for our review (*see People v Lazo*, 16 AD3d 1153 [2005], *lv denied* 4 NY3d 887 [2005]). The motion by defendant to withdraw the plea based upon the alleged failure of the People to fulfill their obligation under the plea agreement does not preserve his present contention for our review (*see People v Escalante*, 16 AD3d 984, 984-985 [2005], *lv denied* 5 NY3d 788, 793 [2005]) and, in any event, defendant withdrew that motion. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Gorski and Green, JJ.