■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW K. GRANAN, Appellant. [852 NYS2d 446]—

Carpinello, J. Appeal from a judgment of the County Court of Chenango County (Daley, J.), rendered August 24, 2006, convicting defendant upon his plea of guilty of five counts of the crime of burglary in the third degree.

Defendant was charged in a six-count indictment with five counts of burglary in the third degree and criminal mischief stemming from his role in numerous burglaries throughout Chenango County between November 10, 2004 and December 16, 2004. In the course of the ensuing jury trial on these charges, defendant agreed to plead guilty to all five burglary counts with the express understanding that any sentence he would receive would be capped at 7 to 14 years in prison. He waived his right to appeal orally and in writing. Prior to being sentenced, defendant, with the express approval of his attorney, admitted in open court that he had previously been convicted of a felony.* He was then sentenced as a second felony offender to $3^{1}/_{2}$ to 7 years in prison on each count, with two of the counts to run consecutively and the remaining to run concurrently. He now appeals.

Defendant argues that he was never advised during the plea allocution that he would be sentenced as a second felony offender and therefore his decision to plead guilty was not knowing, intelligent or voluntary. His failure to move to withdraw the plea or vacate the judgment of conviction renders this argument unpreserved for review (*see e.g. People v Adams*, 26 AD3d 597 [2006], *lv denied* 7 NY3d 751 [2006]). Further, to the extent

---

* This was done to eliminate the need for a brief recess so the People could obtain the second felony offender statement. The record does contain a predicate felony statement dated the same day as sentencing (*compare People v De Fayette*, 16 AD3d 708, 710 [2005], *lv denied* 4 NY3d 885 [2005]; *People v Pierre*, 8 AD3d 904, 906-907 [2004], *lv denied* 3 NY3d 710 [2004]).

that defendant made statements during the plea colloquy that cast doubt on his guilt, "County Court promptly conducted further inquiry to remove any such doubt and to ensure a knowing and voluntary plea on his part" (*People v Parara*, 46 AD3d 936, 937 [2007]; *see People v Clavie*, 28 AD3d 872; 873 [2006]). "Having failed to express, in any way, dissatisfaction with the court's remedial action, defendant has waived any further challenge to the allocution, and thus no issue is preserved for our review" (*People v Lopez*, 71 NY2d 662, 668 [1988] [citation omitted]). In any event, were we to consider each of these unpreserved claims, we would find them to be without merit since our review of the allocution reveals a knowing, voluntary and intelligent plea.

Finally, we find that defendant waived strict compliance with the statutory requirement that the People file the predicate felony conviction statement prior to sentencing. Defense counsel, when specifically asked, had no objection to the time-saving procedure suggested by County Court (*see* n, *supra*) and raised no other objection to the court's finding of this prior conviction (*see People v Kennedy*, 277 AD2d 814 [2000]), *lv denied* 96 NY2d 760 [2001]; *compare People v Kingsbury*, 256 AD2d 916 [1998]).

Mercure, J.P., Peters, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.

