■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY A. KOPY, Appellant. [862 NYS2d 651]—

Carpinello, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered March 9, 2007, convicting defendant upon his plea of guilty of the crime of criminal possession of a forged instrument in the second degree.

Following indictment for the crime of criminal possession of a forged instrument in the second degree, defendant pleaded guilty to such charge with the express understanding that he would be sentenced to a prison term of 3 to 6 years and that he would be required to make restitution. After a second felony offender statement was filed and defendant admitted the prior felony conviction, defendant was sentenced as a second felony offender to the agreed-upon term and was ordered to make restitution. He now appeals.

Defendant's sole contention on this appeal is that he was not advised at the time of his plea that he would be sentenced as a second felony offender and, thus, his plea was not knowing and voluntary. However, such argument is unpreserved for our review given defendant's failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Mayers*, 74 NY2d 931, 931-932 [1989]; *People v Granan*, 48 AD3d 975, 975 [2008]).

If we were to consider defendant's argument, we would find it unpersuasive. At a preplea conference, the People advised defendant and County Court that defendant had four prior felony convictions and that, if defendant did not accept the plea offer and he were convicted following trial, they would be seeking persistent felony offender treatment. Defendant asked for and was granted an adjournment of approximately two weeks to discuss the plea offer, which included a prison term of 3 to 6 years, with his attorney. At the time that he accepted such offer and entered a guilty plea, it was made clear that he would be sentenced to the agreed-upon term. Further, prior to sentencing, a second felony offender statement was filed by the People. At sentencing, defendant admitted his conviction of a prior felony and the court pronounced sentence upon defendant as a second felony offender, all without defendant ever raising any objection to such proceedings. Under the circumstances, we would not find that defendant's plea was anything other than knowing, intelligent and voluntary. Accordingly, we decline to take any corrective action under our interest of justice jurisdiction (*cf. People v Bryant*, 180 AD2d 874 [1992]).

Cardona, P.J., Peters, Spain and Stein, JJ., concur. Ordered that the judgment is affirmed.