■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTONIO J. JONES, Appellant. [900 NYS2d 797]—

Kavanagh, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered November 10, 2008, convicting defendant upon his plea of guilty of the crimes of grand larceny in the fourth degree and aggravated driving while intoxicated.

In full satisfaction of a four-count indictment, defendant pleaded guilty to grand larceny in the fourth degree and aggravated driving while intoxicated. The charges stemmed from his arrest for driving with a blood alcohol level of .21% and being in possession of the victim's credit card. Defendant was thereafter sentenced pursuant to the plea agreement to a prison term of 1½ to 4 years. Defendant now appeals.

We affirm. Defendant contends that his plea should be vacated due to County Court's failure to make a sufficient inquiry during the plea allocution as to whether he affirmatively waived the defense of intoxication. As defendant did not move to withdraw his plea or vacate his judgment of conviction, his contention is not preserved for review (see People v Phillips, 30 AD3d 911, 911 [2006], lv denied 7 NY3d 869 [2006]). Furthermore, defendant's factual recitation did not cast doubt on his guilt or negate an essential element of the crime so as to either trigger the narrow exception to the preservation rule or obligate County Court to inquire whether defendant was aware of a potential intoxication defense (see People v Beach, 306 AD2d 753, 754 [2003]). Contrary to defendant's contention, the required intent element of the crime of grand larceny in the fourth degree (see Penal Law § 155.05 [2]; § 155.30 [4]) was not negated by his statements, as he admitted during allocution that it was his intent, when he found the victim's credit card the day of the crimes, to keep the card and use it himself. Further, defendant did not, at any time during the plea allocution, claim that his intoxication prevented him from remembering his participation in the crime. Under the circumstances, we conclude that County Court had no duty to further inquire into whether defendant had considered a potential intoxication defense (see People v Wagoner, 30 AD3d 629, 630 [2006]; People v Lasher, 14 AD3d 943, 943 [2005]; People v Mahar, 12 AD3d 715, 716 [2004]; People v Jaworski, 296 AD2d 597, 598 [2002]).

Mercure, J.P., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.