THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE F. CAMPBELL, Appellant. [917 NYS2d 419]—

Egan Jr., J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered December 14, 2009, convicting defendant upon his plea of guilty of the crime of rape in the second degree.

Defendant was charged in a six-count indictment with rape in the second degree (five counts) and sexual abuse in the second degree. The charges stemmed from allegations that defendant had sexual intercourse with a 13-year-old girl on five different occasions in May 2009. In full satisfaction of the indictment, as well as an unrelated pending charge, defendant pleaded guilty to one count of rape in the second degree. Prior to sentencing,

defendant corresponded with County Court indicating his desire to withdraw his plea. After County Court granted defendant two adjournments to confer with counsel on this issue, and after the court explained that he was not being sentenced as a second felony offender, defendant elected to proceed with the plea agreement. County Court thereafter imposed the agreed-upon sentence of five years in prison, to be followed by 10 years of postrelease supervision. Defendant now appeals.

We affirm. Defendant contends that his plea was not voluntarily, knowingly and intelligently entered due to the fact that County Court failed to inquire as to defendant's potential intoxication defense and because the plea allocution was insufficient. Inasmuch as defendant did not move to withdraw his plea on this ground (*see People v Escalante*, 16 AD3d 984, 984-985 [2005], *lv denied* 5 NY3d 788 [2005]; *People v Townsend*, 257 AD2d 458 [1999]) or move to vacate the judgment of conviction, the issue is unpreserved for our review (*see People v Phillips*, 30 AD3d 911 [2006], *lv denied* 7 NY3d 869 [2006]). Moreover, defendant did not make any statements during the plea colloquy that negated an essential element of the crime or cast doubt upon his guilt in order to trigger the narrow exception to the preservation rule (*see People v Brown*, 75 AD3d 655, 656 [2010]).

Further, defendant's claim that he was denied the effective assistance of counsel based upon counsel's failure to address an intoxication defense with County Court is similarly unpreserved for our review (*see People v Townsend*, 306 AD2d 761, 762 [2003], *lv denied* 100 NY2d 625 [2003]). In any event, with regard to both claims by defendant concerning a potential intoxication defense, inasmuch as rape in the second degree does not have a specific intent element (*see* Penal Law § 130.30; *People v Clark*, 142 AD2d 976, 977 [1988], *lv denied* 72 NY2d 1044 [1988]), an intoxication defense was unavailable to defendant (*see e.g. People v Newton*, 8 NY3d 460, 464 [2007]; *People v Jenks*, 69 AD3d 1120, 1122 [2010], *lv denied* 14 NY3d 841 [2010]). Finally, defendant's contention that his plea was induced by an unfulfilled promise is also unpreserved for our review (*see People v Jones*, 77 AD3d 1178, 1178 [2010]; *People v Oliver*, 26 AD3d 675, 676 [2006], *lv denied* 7 NY3d 760 [2006]).

Rose, J.P., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.