■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA M. MORGAN, Appellant. [922 NYS2d 666]—

■■■■■■■■

Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered May 17, 2010, convicting defendant upon his plea of guilty of the crime of arson in the first degree.

Following a house fire in which two people were killed, defendant was charged in an indictment with arson in the first degree and two counts of murder in the second degree. He pleaded guilty to arson in the first degree and was sentenced, in accordance with the plea agreement, to 20 years to life in prison. Defendant now appeals.

Initially, defendant asserts that his guilty plea was not knowing, voluntary or intelligent because County Court did not make an adequate inquiry into the possible defense of intoxication. This claim, however, has not been preserved for our review due to defendant's failure to make a motion to withdraw his plea or vacate the judgment of conviction on this basis (see People v Campbell, 81 AD3d 1184, 1185 [2011]; People v Jones, 73 AD3d 1386, 1387 [2010]). Moreover, upon reviewing the transcript of the plea proceedings, we do not find that defendant's factual recitation casts significant doubt upon his guilt or negates an essential element of the crime so as to fall within the narrow exception to the preservation requirement or to impose an obligation upon County Court to conduct a further inquiry into a potential intoxication defense (see People v Campbell, 81 AD3d at 1185; People v Keyes, 300 AD2d 909, 910 [2002]). Significantly, County Court obtained confirmation on the record that defendant knew what he was doing and formed the requisite intent to commit the crime notwithstanding his consumption of alcohol (see People v Jones, supra).

As for defendant's contention that his sentence is harsh and excessive, we find this claim to be unavailing. Defendant has an extensive criminal record, which started at a very young age, and the brutality of the crime at issue is illustrated by the fact that he set fire to a home during the early morning hours knowing that the occupants were most probably sleeping. In view of this, as well as the fact that defendant received the sentence agreed to as part of the plea agreement, we find no abuse of discretion nor any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v

*Wright*, 214 AD2d 759, 762 [1995], *lv denied* 86 NY2d 805 [1995]; *People v Pierce*, 150 AD2d 948, 950 [1989], *lv denied* 74 NY2d 817 [1989]).

Mercure, J.P., Peters, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.