■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD L. McCRAY, Appellant. [946 NYS2d 303]—

Malone Jr., J. Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered June 7, 2010, upon a verdict convicting defendant of the crimes of assault on a police officer and criminal use of a firearm in the second degree.

In August 2008, defendant alerted the Sunmount Developmental Disabilities Office and Franklin County Emergency Services entities that he was armed and intended to commit suicide. Defendant was eventually located by members of various police agencies, including state troopers and officers from the Department of Environmental Conservation, in a canoe on the Raquette River. After several hours of a standoff, during which defendant maintained aim at himself with a loaded shotgun, a state trooper seized an opportunity to grab the gun and, along with a Department of Environmental Conservation officer, struggled to take it away from defendant. As the three struggled, the gun discharged, causing massive injuries to the trooper's hand. As a result of this incident, defendant was charged by indictment with assault on a police officer and criminal use of a firearm in the second degree. Following a trial, defendant was convicted as charged and subsequently sentenced to an aggregate prison term of 15 years, with five years of postrelease supervision. Defendant appeals.

Initially, defendant contends that, although the People proved at trial that by attempting to take the gun away from him the trooper was engaged in a lawful duty pursuant to Mental Hygiene Law § 9.41,* defendant intentionally attempted to prevent the trooper from performing that duty and the trooper

---

* As is relevant here, Mental Hygiene Law § 9.41 permits a state trooper to "take into custody any person who appears to be mentally ill and is conducting himself or herself in a manner which is likely to result in serious harm to the person or others."

was seriously injured as a result (*see* Penal Law § 120.08), he was nevertheless improperly convicted of assault on a police officer because applying that strict liability statute to arrests made pursuant to Mental Hygiene Law § 9.41 impermissibly criminalizes a defendant's mental illness. We disagree. Although Penal Law § 120.08 imposes strict liability with respect to the serious injury aspect of the crime, the People are still required to prove the element of intent with respect to a defendant's action in preventing a police officer from performing a lawful duty (*see People v Campbell*, 72 NY2d 602, 604 [1988]). Inasmuch as evidence of mental illness may "negate a specific intent necessary to establish guilt" (*People v Almonor*, 93 NY2d 571, 580 [1999]; *see People v Segal*, 54 NY2d 58, 66 [1981]), it is possible for an individual charged with assault on a police officer to present evidence at trial that he or she was mentally ill at the time of the incident and, thus, did not possess the requisite intent to commit the crime. Accordingly, when applied to detentions made pursuant to Mental Hygiene Law § 9.41, Penal Law § 120.08 does not necessarily criminalize a defendant's mental illness, contrary to defendant's contention.

Next, we are not persuaded that defendant received ineffective assistance of counsel. Initially, the facts underlying many of defendant's contentions in this regard—including his claim that counsel failed to discuss the case with him, failed to investigate the charges and failed to investigate his mental health history and possible defenses—fall outside the record and, as such, would be more appropriately raised in a motion pursuant to CPL article 440 (*see People v Terry*, 85 AD3d 1485, 1488 [2011], *lv denied* 17 NY3d 862 [2011]; *People v Pendelton*, 81 AD3d 1037, 1038-1039 [2011], *lv denied* 16 NY3d 898 [2011]; *People v Varmette*, 70 AD3d 1167, 1172 [2010], *lv denied* 14 NY3d 845 [2010]). Otherwise, "viewed in totality and as of the time of the representation," we find that "the evidence, the law, and the circumstances of [this] particular case . . . reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]).

Nor are we persuaded that the sentence imposed by County Court was harsh or excessive. Contrary to defendant's contention, the fact that he was offered a pretrial plea deal whereby he would have received only five years in prison, as opposed to the aggregate sentence of 15 years that was imposed after trial, does not indicate that he was penalized for exercising his constitutional right to a jury trial (*see People v Souffrant*, 93 AD3d 885, 887 [2012]). Considering defendant's lengthy criminal history, which dates back to 1987 and includes several prior

firearm-related convictions, and the circumstances of this case, we do not find that County Court abused its discretion in sentencing defendant to the maximum available sentence, nor do we find that extraordinary circumstances exist that warrant a reduction of the sentence in the interest of justice (*see People v Arbas*, 85 AD3d 1320 [2011], *lv denied* 17 NY3d 913 [2011]).

Defendant's remaining contentions were not preserved for our review.

Lahtinen, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.