THIRD DEPARTMENT, NOVEMBER, 2012

(November 1, 2012)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE J. DAME, Appellant. [952 NYS2d 684]—

Egan Jr., J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered January 13, 2010, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

In September 2009, and in full satisfaction of a four-count indictment pending in County Court and five unrelated misdemeanor charges then pending in the Town Court of the Town of Schuyler Falls, Clinton County, defendant pleaded guilty to one count of assault in the second degree and waived his right to appeal. Notwithstanding the terms of the plea agreement, defendant—accompanied by counsel—thereafter appeared in Town Court, inexplicably pleaded guilty to at least some of the still-pending misdemeanor charges and was sentenced to time served. Defendant then moved to withdraw his plea in County Court, contending that the People violated the terms of the agreement by failing to dismiss the misdemeanor charges and "forc[ing]" him to plead guilty thereto.

At sentencing, the People acknowledged that there had been "some sort of mix up" with respect to the handling of the misdemeanor charges and indicated that they would consent to a CPL article 440 motion to vacate defendant's plea in Town

Court so that he would "get what he was promised." Noting that defendant had a viable remedy in that regard, County Court denied defendant's motion to withdraw his plea. The People then asked that defendant be sentenced in accordance with the plea agreement (five years in prison followed by three years of postrelease supervision), in response to which defendant requested that County Court deviate from the negotiated sentence based upon his claim of actual innocence. County Court rejected defendant's request and imposed the previously agreed-upon sentence. This appeal by defendant ensued.

We affirm. Preliminarily, based upon our review of the plea colloquy and the written waiver of the right to appeal executed by defendant, we are satisfied that defendant's waiver was knowing, intelligent and voluntary (see People v Tolliver, 92 AD3d 1024, 1024 [2012]; People v Empey, 73 AD3d 1387, 1388 [2010], lv denied 15 NY3d 804 [2010]).

Turning to the merits, to the extent that defendant challenges the factual sufficiency of his plea, any assertion in this regard is foreclosed by his otherwise valid waiver of the right to appeal (see People v Fink, 97 AD3d 974, 975 [2012]; People v Dishaw, 81 AD3d 1035, 1036 [2011], lv denied 16 NY3d 858 [2011]). Although defendant's challenge to the voluntariness of his plea survives his waiver of appeal (see People v Robinson, 86 AD3d 719, 720 [2011], lv denied 19 NY3d 966 [2012]), defendant did not move to vacate the judgment of conviction, and his written motion to withdraw his plea was not based upon the grounds now asserted—namely, actual innocence and County Court's alleged failure to adequately inquire as to defendant's knowledge of potential defenses.[1] Accordingly, we find defendant's argument on this point to be unpreserved for our review (see People v Campbell, 81 AD3d 1184, 1185 [2011]; People v Young, 81 AD3d 995, 996 [2011], lv denied 16 NY3d 901 [2011]; People v Escalante, 16 AD3d 984, 984-985 [2005], lv denied 5 NY3d 788 [2005]). In any event, defendant did not make any statements during the plea colloquy that negated an element of the crime charged or otherwise called into question his guilt "so as to either trigger the narrow exception to the preservation rule or obligate County Court to inquire whether defendant was aware of a potential . . . defense" (People v Jones, 73 AD3d 1386, 1387 [2010]; see People v Morgan, 84 AD3d 1594, 1594 [2011], lv denied 17 NY3d 819 [2011]), and the record as a whole reveals that County Court adequately apprised defendant of the

---

1. Defendant's written motion was premised solely upon the People's asserted failure to honor the plea agreement by dismissing the misdemeanor charges in Town Court.

rights he would be forfeiting. Therefore, we find that defendant's plea was knowing, intelligent and voluntary.[2]

Nor are we persuaded that County Court erred in denying defendant's motion to withdraw his plea. As to the asserted violation of the plea agreement, although this argument both survives defendant's waiver of appeal and is preserved for our review (cf. *People v Carter*, 64 AD3d 1089, 1091 [2009], *lv denied* 13 NY3d 835 [2009]), defendant's claim that the People breached the plea agreement is lacking in merit. As a general rule, where a guilty plea has been induced by an unfulfilled promise, the plea must be vacated or the promise must be honored (*see People v Parsons*, 3 AD3d 790, 791 [2004]). Here, however, the record does not support a finding that the People breached the terms of defendant's plea agreement.

Although the precise reasons for, and circumstances leading up to, defendant's decision to plead guilty in Town Court are unclear, the record fails to support defendant's conclusory and unsubstantiated assertion that the People "forced" him to plead guilty to the misdemeanor charges, nor is there any indication that the admitted deviation from the plea agreement was due to malfeasance on the part of the People. Indeed, the People acknowledged at sentencing that the misdemeanor charges should have been dismissed and indicated that they stood ready to abide by and honor the terms of the plea agreement. Based upon that representation, County Court denied defendant's motion to withdraw his plea.

While County Court arguably should have adjourned sentencing pending vacatur of the misdemeanor convictions, the failure of all involved to address this issue prior to sentencing does not entitle defendant to parlay an inadvertent omission into a vacatur of his plea in County Court—particularly where such omission was—and still is—easily remedied. As noted previously, the People agreed at sentencing that they would consent to a CPL article 440 motion—brought by defendant—to vacate the conviction in Town Court. To the extent that defendant contends that the People should take the initiative in this regard, although CPL article 440 indeed provides for a postjudgment motion by the People to set aside an invalid sentence (*see* CPL 440.40), nothing contained therein permits the People to move to set aside a plea or vacate a judgment of conviction (*see* CPL 440.10; *see also People v Moquin*, 77 NY2d 449, 452 [1991]). Hence, while the cited omission is easily cured, the ball is in defendant's court.

---

2. Defendant's related ineffective assistance of counsel claim—to the extent it is properly before us—is equally lacking in merit.

Finally, defendant's belated and conclusory assertion of innocence—raised for the first time at sentencing—is belied by the statements made by him during the course of the plea colloquy. Accordingly, we cannot say that County Court abused its discretion in denying defendant's application to withdraw his plea on this basis (*see People v Lynch*, 156 AD2d 884, 884-885 [1989], *lv denied* 75 NY2d 921 [1990]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, P.J., Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed.