■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. ENGLISH, Appellant. [953 NYS2d 722]—Lahtinen, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered March 25, 2011, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Following his participation in the break-in of a home to steal drugs, defendant pleaded guilty in March 2011 to burglary in

the second degree in satisfaction of a three-count indictment. Thereafter, he was sentenced as a second felony offender to five years in prison, followed by five years of postrelease supervision. Defendant now appeals.

Defendant first contends that his plea was not knowing, voluntary and intelligent due to statements he made during his allocution that he did not remember anything about the crime. Initially we note that, as the record does not indicate that defendant either moved to withdraw his plea or vacate the judgment of conviction, this issue has not been preserved for our review (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Morgan*, 84 AD3d 1594, 1594 [2011], *lv denied* 17 NY3d 819 [2011]). In any event, to the extent that defendant's statements may have cast doubt on the intent element of the crime, we note that County Court made further inquiry to ensure a knowing and voluntary plea on the part of defendant (*see People v Morgan*, 84 AD3d at 1594; *People v Granan*, 48 AD3d 975, 975-976 [2008], *lv denied* 10 NY3d 959 [2008]).* Inasmuch as defendant failed to express any dissatisfaction with the court's remedial action in this regard, defendant has waived any further challenge to his allocution (*see People v Lopez*, 71 NY2d at 668; *People v Karolys*, 85 AD3d 1213 [2011], *lv denied* 17 NY3d 818 [2011]; *People v Granan*, 48 AD3d at 976).

Similarly, defendant has failed to preserve his assertion that County Court did not make an adequate inquiry into a potential intoxication defense in the absence of a motion to withdraw the plea or vacate the judgment on that ground (*see People v Morgan*, 84 AD3d 1594, 1594 [2011]; *People v Campbell*, 81 AD3d 1184, 1185 [2011]). Nonetheless, the court's questioning of defendant during the plea established that, despite his use of narcotics prior to the commission of the crime, he had formed the requisite intent to commit the crime (*see People v Morgan*, 84 AD3d at 1594).

Lastly, defendant's claim that he received ineffective assistance based upon the failure of counsel to advise him of a possible intoxication defense involves matters outside the record and, therefore, must be raised within the context of a CPL article 440 motion (*see People v McCray*, 96 AD3d 1160, 1161 [2012]; *People v Underdue*, 89 AD3d 1132, 1134 [2011], *lv denied* 19 NY3d 969 [2012]).

Mercure, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

---

* We also note that during his statement to police and his preplea investigation interview, defendant admitted his participation in the crime and the intent with which it was carried out and related specific details regarding its commission.