■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. GOODELL, Appellant. [960 NYS2d 744]—

McCarthy, J. Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered November 30, 2011, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant was charged in a seven-count indictment with burglary in the second degree, criminal contempt in the first degree, grand larceny in the fourth degree, assault in the third degree, endangering the welfare of a child, criminal mischief in the fourth degree and criminal contempt in the second degree arising out of an incident where he entered his former girlfriend's home and became involved in a physical altercation with her. Defendant pleaded guilty to burglary in the second degree and waived his right to appeal in full satisfaction of the indictment as well as other pending charges and additional charges that the People sought to pursue against him. Consistent with the plea agreement, County Court sentenced defendant to a prison term of 15 years followed by five years of postrelease supervision. Defendant now appeals.

Initially, neither the People's representation that they planned to pursue an additional charge of burglary in the first degree if defendant did not accept their offer to plead guilty to burglary in the second degree nor County Court's explanation of these circumstances constituted coercion to induce defendant's guilty plea (*see People v Wolf*, 88 AD3d 1266, 1267 [2011], *lv denied* 18 NY3d 863 [2011]; *People v Morelli*, 46 AD3d 1215, 1216 [2007], *lv denied* 10 NY3d 814 [2008]; *People v Coppaway*, 281 AD2d 754, 754 [2001]). Furthermore, inasmuch as the record does not indicate that defendant moved to withdraw his guilty plea or vacate the judgment of conviction, his challenge to the factual sufficiency of the plea allocution has not been preserved for our review (*see People v Ferro*, 101 AD3d 1243, 1244 [2012]; *People v English*, 100 AD3d 1147, 1148 [2012]). The exception to the preservation rule is not applicable here as County Court conducted an appropriate inquiry to clarify defendant's concerns and to ensure that he understood the available options and was entering his plea knowingly and voluntarily (*see People v En-*

*glish*, 100 AD3d at 1148; *People v Granan*, 48 AD3d 975, 975-976 [2008], *lv denied* 10 NY3d 959 [2008]). Defendant's argument that counsel was ineffective is also unpreserved (*see People v Sterling*, 57 AD3d 1110, 1112-1113 [2008], *lv denied* 12 NY3d 788 [2009]; *People v Morelli*, 46 AD3d at 1217).

Peters, P.J., Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.