People v Deowasarran (2019 NY Slip Op 02110)





People v Deowasarran


2019 NY Slip Op 02110


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-05129
 (Ind. No. 1736-15)

[*1]The People of the State of New York, respondent,
v
Richard Deowasarran, appellant.


Laurette D. Mulry, Riverhead, NY (Alfred J. Cicale and Felice Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Michael J. Brennan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John J. Toomey, J.), rendered September 26, 2016, convicting him of criminal sexual act in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to criminal sexual act in the first degree. The defendant does not contest that he knowingly, voluntarily, and intelligently waived his right to appeal. He contends that his plea was not knowingly, voluntarily, and intelligently entered into because the County Court did not advise him of the potential sentencing range he faced as a second felony offender convicted of a violent class B felony offense (see Penal Law § 70.06[6][a]). While this contention survives the defendant's valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Kovalsky, 166 AD3d 900; People v Miller, 166 AD3d 812), it is unpreserved for appellate review, since he did not move to withdraw his plea or otherwise raise this issue before the court (see CPL 470.05[2]; People v Kovalsky, 166 AD3d at 901; People v Miller, 166 AD3d at 813; People v McClenic, 155 AD3d 1064). In any event, the contention is without merit (see People v Nixon, 21 NY2d 338, 356; People v Kopy, 54 AD3d 441, 441; People v Booker, 280 AD2d 785, 785-786).
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court