People v Kimball (2023 NY Slip Op 00694)

People v Kimball

2023 NY Slip Op 00694

Decided on February 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 9, 2023

111550 113144 
[*1]The People of the State of New York, Respondent,
v
Karl W. Kimball, Appellant.

Calendar Date:January 10, 2023

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ. 

Rural Law Center of New York, Inc., Castleton (Kristin A. Bluvas of counsel), for appellant.
Clea Weiss, Special Prosecutor, Ithaca, for respondent.

Reynolds Fitzgerald, J.
Appeals (1) from a judgment of the County Court of Saratoga County (James A. Murphy III, J.), rendered May 29, 2019, convicting defendant upon his plea of guilty of the crime of attempted sexual abuse in the first degree, and (2) by permission, from an order of said court, entered October 14, 2021, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged by felony complaint with sexual abuse in the first degree based upon conduct involving a child who was less than 11 years old. Following the filing of various pro se motions and the assignment of counsel, defendant, who had a prior felony sex conviction, waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of attempted sexual abuse in the first degree with the understanding that he would be sentenced to a prison term of four years followed by a period of postrelease supervision ranging from 5 to 15 years. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court thereafter sentenced defendant to a prison term of four years followed by 15 years of postrelease supervision. Two years later, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction contending that his plea was involuntary and that he had been denied his right to a speedy trial and to the effective assistance of counsel. The People opposed the motion, and, by order entered October 14, 2021, County Court denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his postconviction motion.
Preliminarily, the People concede — and our review of the record confirms — that defendant's waiver of the right to appeal is invalid. Accordingly, defendant's challenge to the perceived severity of his sentence is not precluded (see People v Smith, 208 AD3d 1538, 1539 [3d Dept 2022). That said, upon due consideration of all of the relevant factors (see e.g. People v Quick, 207 AD3d 954, 955 [3d Dept 2022]), including the nature of the underlying conduct, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]). Contrary to defendant's assertion, the mere fact that other defendants convicted of the same or similar crimes received lesser terms of imprisonment or periods of postrelease supervision "is of no moment, as no two defendants are quite alike even if they have committed, in legal definition, identical offenses" (People v Manley, 70 AD3d 1125, 1125 [3d Dept 2010] [internal quotation marks and citation omitted]).
Defendant next contends that his plea was involuntary because County Court failed to properly apprise him of his Boykin rights and, further, provided inconsistent information regarding defendant's sentencing exposure. Inasmuch as defendant did not move to withdraw his plea despite an [*2]opportunity to do so, such issues are unpreserved for our review (see People v Podeswa, 205 AD3d 1139, 1140 [3d Dept 2022], lv denied 38 NY3d 1135 [2022]; People v Lumpkin, 201 AD3d 1257, 1257 [3d Dept 2022]). The narrow exception to the preservation requirement was not triggered as defendant did not make any statements during the plea colloquy that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Nichols, 194 AD3d 1114, 1115 [3d Dept 2021], lv denied 37 NY3d 973 [2021]). In any event, although County Court did not expressly advise defendant that he would be giving up his right against self-incrimination, "[a] plea need not be invalidated simply because the trial judge failed to enumerate all the constitutional rights being waived by a guilty plea" (People v Crampton, 201 AD3d 1020, 1023 [3d Dept 2022] [internal quotation marks and citation omitted], lv denied 37 NY3d 1160 [2022]; see People v Nichols, 194 AD3d at 1115), and defendant's sentencing exposure, including the range encompassing the period of postrelease supervision that could be imposed, was accurately set forth at the outset of the plea colloquy (compare People v Lumpkin, 201 AD3d at 1257-1258).
Defendant also challenges the voluntariness of his plea based upon the ineffective assistance of counsel — specifically, counsel's failure to properly investigate and/or advise him of a potential intoxication defense. As defendant's ineffective assistance of counsel claim is premised upon both record-based and nonrecord-based allegations, it is properly reviewed in its entirety in the context of defendant's appeal from the denial of his CPL 440.10 motion (see People v Fish, 208 AD3d 1546, 1548 [3d Dept 2022]; People v Goodwalt, 205 AD3d 1070, 1073 [3d Dept 2022], lv denied 38 NY3d 1071 [2022]). In this regard, although defendant indeed moved to vacate the judgment of conviction based upon, among other things, the ineffective assistance of counsel, counsel's affirmation in support thereof makes only a general reference to trial counsel's failure to explore defendant's "options" or "discuss a defense strategy" with defendant. To the extent that defendant's accompanying affidavit elaborated upon this claim, defendant chastised counsel for failing to investigate a potential alibi defense and/or the complaining witnesses' motives to lie. Noticeably absent from defendant's CPL 440.10 motion is any mention of a potential intoxication defense or any suggestion that he lacked the requisite intent to commit the subject crime. As defendant did not move to vacate the judgment of conviction upon this ground, we find this argument to be unpreserved for our review (see generally People v Stuber, 205 AD3d 1147, 1149 [3d Dept 2022], lv denied 38 NY3d 1136 [2022]; People v English, 100 AD3d 1147, 1148 [3d Dept 2012]; People v Campbell, 81 AD3d 1184, 1185 [3d Dept 2011]).[FN1]
Were we to conclude otherwise, we [*3]nonetheless would find that County Court properly denied defendant's postconviction motion without a hearing. In the context of arguing for leniency at sentencing, defense counsel suggested that defendant was "not of a clear mind" at the time of the offense, and defendant, although accepting responsibility for his conduct, contended during the course of his presentence investigation interview that "he had no recollection of touching [the child]." As evidenced by the foregoing, it is readily apparent that the viability of the asserted intoxication defense "could with due diligence by . . . defendant have readily been made to appear on the record in a manner providing adequate basis for review of such . . . issue upon an appeal from the judgment" of conviction (CPL 440.10 [3] [a]; see People v Fish, 208 AD3d at 1549). In any event, absent any basis — other than defendant's belated, self-serving claim — upon which to conclude that defendant had a colorable intoxication defense, counsel's failure to pursue such a defense does not rise to the level of ineffectiveness (see People v Fish, 208 AD3d at 1549; People v Agueda, 202 AD3d 1153, 1155 [3d Dept 2022], lv denied 38 NY3d 1031 [2022]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Lynch, Aarons and Fisher, JJ., concur.
ORDERED that the judgment and the order are affirmed.

Footnotes

Footnote 1: As defendant has not briefed the remaining grounds advanced in his postconviction motion, we deem such arguments to be abandoned (see People v Phillip, 200 AD3d 1108, 1111 [3d Dept 2021]).