People v Terry (2024 NY Slip Op 02104)

People v Terry

2024 NY Slip Op 02104

Decided on April 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 18, 2024

112056
[*1]The People of the State of New York, Respondent,
v
Shawn C. Terry, Appellant.

Calendar Date:March 22, 2024

Before:Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ.

Richard L. Herzfeld, New York City, for appellant.
Kirk O. Martin, District Attorney, Owego (Torrance L. Schmitz of counsel), for respondent.

Appeals (1) from a judgment of the County Court of Tioga County (Gerald A. Keene, J.), rendered April 23, 2018, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the fifth degree, and (2) from a judgment of said court, rendered April 23, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In April 2017, defendant was charged in a 12-count indictment with various drug-related offenses occurring between September and December 2016 — the most serious of which was criminal possession of a controlled substance in the second degree. Thereafter, in December 2017, defendant also was charged in a three-count indictment with additional drug offenses that occurred in October and November 2017 — with the top counting charging defendant with criminal possession of a controlled substance in the third degree. In full satisfaction of the respective indictments, and as part of a global plea disposition, defendant agreed to plead guilty to criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the third degree. The People agreed that the sentence imposed upon defendant's conviction of criminal possession of a controlled substance in the second degree would be capped at seven years, followed by five years of postrelease supervision, and that lesser, concurrent terms of imprisonment would be imposed upon the remaining convictions. Defendant pleaded guilty in conformity with the plea agreement, and County Court sentenced defendant upon his conviction of criminal possession of a controlled substance in the second degree to a prison term of seven years, followed by five years of postrelease supervision, and to lesser, concurrent terms of imprisonment upon the remaining convictions. This appeal ensued.
We affirm. Defendant's sole argument upon appeal concerns the severity of the concurrent terms of imprisonment imposed. Given defendant's extensive criminal history and the highly-advantageous plea agreement, which resolved multiple pending charges and avoided defendant being subjected to consecutive sentences, "we do not find the sentence imposed, which was within the parameters of the plea agreement, to be unduly harsh or severe" (People v Hammond, 214 AD3d 1211, 1211 [3d Dept 2023]; see CPL 470.15 [6] [b]). "Contrary to defendant's assertion, the mere fact that other defendants convicted of the same or similar crimes received lesser terms of imprisonment or periods of postrelease supervision is of no moment, as no two defendants are quite alike even if they have committed, in legal definition, identical offenses" (People v Kimball, 213 AD3d 1028, 1029 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 40 [*2]NY3d 929 [2023]).
Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ., concur.
ORDERED that the judgments are affirmed.