People v Pike (2024 NY Slip Op 02105)

People v Pike

2024 NY Slip Op 02105

Decided on April 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 18, 2024

112913
[*1]The People of the State of New York, Respondent,
v
Paul J. Pike, Appellant.

Calendar Date:March 22, 2024

Before:Aarons, J.P., Lynch, Ceresia, McShan and Powers, JJ.

Matthew E. Minniefield, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Jesse L. Ashdown of counsel), for respondent.

Appeal from a judgment of the County Court of Saratoga County (James A. Murphy III, J.), rendered February 8, 2021, convicting defendant upon his plea of guilty of the crime of vehicular assault in the first degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of vehicular assault in the first degree. The charges stemmed from an incident wherein defendant, while under the influence of various drugs, operated his motor vehicle in a manner that caused serious physical injuries to his then-seven-year-old passenger. Defendant was offered the opportunity to plead guilty to the charged crime with the understanding that he would be sentenced, as a second felony offender, to a prison term of 3 to 6 years. The plea agreement, which also satisfied other unrelated traffic offenses, required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court imposed the agreed-upon term of imprisonment. This appeal ensued.
The People concede — and our review of the record confirms — that defendant's waiver of the right to appeal is invalid. The written waiver contained overbroad and inaccurate language, and County Court's brief oral colloquy was insufficient to "cure the deficiencies in the written waiver or otherwise convey to defendant that some appellate review survived" (People v Loya, 215 AD3d 1181, 1182 [3d Dept 2023], lv denied 40 NY3d 929 [2023]; see People v Lorman, 214 AD3d 1210, 1210 [3d Dept 2023]). In light of the invalid waiver, defendant's challenge to the severity of the sentence imposed is not precluded (see People v Kimball, 213 AD3d 1028, 1029 [3d Dept 2023], lv denied 40 NY3d 929 [2023]). That said, upon reviewing the record as a whole, and taking into consideration defendant's criminal history and the seriousness of the underlying offense, we do not find the agreed-upon sentence to be unduly harsh or severe (see CPL 470.15 [6] [b]; People v Coler, 214 AD3d 1207, 1207 [3d Dept 2023], lv denied 40 NY3d 1091 [2024]) and decline defendant's invitation to reduce it in the interest of justice.
Aarons, J.P., Lynch, Ceresia, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.