(January 31, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CASEY C. BURKE, Appellant. [849 NYS2d 455]—

Cardona, P.J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered April 20, 2006, convicting defendant upon his guilty plea of the crimes of rape in the third degree and attempted burglary in the third degree.

Defendant pleaded guilty to rape in the third degree in full satisfaction of an 11-count indictment and, based on a separate incident, attempted burglary in the third degree in satisfaction of a superior court information. Pursuant to the plea agreement, defendant was sentenced as a second felony offender to two concurrent prison terms of 2 to 4 years and ordered to pay, among other things, $2,215.96 to the Cortland County Sheriff's Department, representing the cost of extraditing defendant from Florida. Defendant appeals, contending that County Court erred in ordering him to pay the cost of his extradition.

We affirm. Generally, the cost of extradition is included in the normal operating costs of law enforcement, however, nothing precludes the law enforcement agency "from collecting the expenses involved in extradition from the person who was extradited" (CPL 570.56). To that end, a sentence ordering reimbursement of the cost of extradition may be predicated on a defendant's commitment to pay that cost as part of a plea agreement (*see People v Perry*, 261 AD2d 650, 651 [1999], *lv denied*

93 NY2d 1024 [1999]; *compare People v La Fave*, 265 AD2d 740, 743 [1999]). Here, inasmuch as defendant agreed to pay the extradition costs as part of the negotiated plea agreement, County Court did not err in imposing such costs against defendant.

Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.