(November 23, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ONIC A. MARTINEZ-VELAZQUEZ, Appellant. [932 NYS2d 908]—

Rose, J.

Defendant was charged in an indictment with robbery in the first degree and grand larceny in the fourth degree, stemming from his involvement in the robbery of a restaurant. Defendant pleaded guilty to the reduced charge of robbery in the second degree in full satisfaction of the indictment and waived his right to appeal. County Court thereafter sentenced defendant to six

years in prison, to be followed by five years of postrelease supervision. Defendant now appeals.

Initially, contrary to defendant's contention, his waiver of the right to appeal was valid as the transcript of the plea colloquy and the counseled written waiver entered by defendant in open court demonstrate that he voluntarily, knowingly and intelligently waived his right to appeal (*see People v Pendelton*, 81 AD3d 1037, 1037 [2011], *lv denied* 16 NY3d 898 [2011]; *People v Diaz*, 72 AD3d 1349, 1350 [2010], *lv denied* 15 NY3d 773 [2010]). Defendant's claim that his plea was not voluntarily, knowingly and intelligently entered, which survives his waiver of the right to appeal, is not preserved for our review in light of defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Wicks*, 83 AD3d 1223, 1224 [2011], *lv denied* 17 NY3d 810 [2011]; *People v Jean-Francois*, 82 AD3d 1366, 1366-1367 [2011], *lv denied* 17 NY3d 797 [2011]). Furthermore, the narrow exception to the preservation rule is inapplicable here in that the record reflects that defendant did not make any statements during the allocution that cast doubt on his guilt or negated an essential element of the crime (*see People v McFarren*, 83 AD3d 1209, 1209 [2011], *lv denied* 17 NY3d 860 [2011]; *People v Campbell*, 81 AD3d 1184, 1185 [2011]). To the extent that defendant claims that his recitation of the facts did not establish the element of force required by the crime of robbery in the second degree (*see* Penal Law § 160.10), we note that the exception to the preservation rule applies only where a recitation of facts casts significant doubt on a defendant's guilt and not, as here, where "the sufficiency of the articulation of the element is challenged" (*People v Vonderchek*, 245 AD2d 979, 980 [1997], *lv denied* 91 NY2d 945 [1998]; *accord People v Seeber*, 12 AD3d 950, 950 [2004], *lv denied* 4 NY3d 803 [2005]).

Spain, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.