# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**868**

**KA 13-00160**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                V                    MEMORANDUM AND ORDER

MICHAEL CONTI, DEFENDANT-APPELLANT.

---

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.

VALERIE G. GARDNER, DISTRICT ATTORNEY, PENN YAN (MEGAN P. DADD OF COUNSEL), FOR RESPONDENT.

---

    Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered October 22, 2012. The judgment revoked a sentence of probation and imposed a sentence of incarceration.

    It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

    Memorandum: Defendant appeals from a judgment revoking a sentence of probation and imposing a period of incarceration and restitution. Defendant contends, inter alia, that County Court lacked jurisdiction to preside over the violation proceeding because his term of probation had expired before the declaration of delinquency was filed. We reject that contention.

    Several months before his term of probation was set to expire, a declaration of delinquency was filed, and defendant admitted to an initial violation of probation as part of a plea agreement. The court sentenced defendant to "time served" and stated that it would "continue [his] Probation under 65.00 Subdivision 4 of the Penal Law and extend [probation] for a period of one year from this date." Penal Law § 65.00 (4) provides that, in any case where a court revokes probation and sentences a defendant to imprisonment and probation, the period of probation shall be either "the remaining period of the original probation sentence or one year whichever is greater." Because the court stated that it would "continue," as opposed to "revoke," defendant's probation, defendant contends that the court could extend his probation for only 75 days, representing the period of time between the filing of the declaration of delinquency and the final determination with respect to that delinquency (*compare* § 65.00 [4] *with* § 65.15 [2]). Defendant thus contends that his probationary period expired before the declaration of delinquency was filed, and that the court therefore lacked jurisdiction to preside over the violation proceeding.

Defendant concedes that he failed to raise his contention with respect to jurisdiction before the court, but we nevertheless agree with him that it may be raised for the first time on appeal (*see People v Correa*, 15 NY3d 213, 222; *People v Wilson*, 14 NY3d 895, 897; *People v Nicometi*, 12 NY2d 428, 431). We conclude, however, that his contention lacks merit. Although the court, following the initial violation of probation proceeding, stated that it would "continue" rather than "revoke" his probation, it also stated that it was imposing a period of imprisonment, i.e., "time served," and, furthermore, the court cited Penal Law § 65.00 (4) as the basis for the period of incarceration and extension of probation. We thus conclude that, pursuant to section 65.00 (4), defendant's probation was lawfully extended for one year and that, because defendant was still subject to that period of probation when the declaration of delinquency was filed, the court had jurisdiction to preside over the violation proceeding and to impose a period of incarceration on defendant.

We reject defendant's further contention that the court erred in ordering him to pay restitution to the County of Yates (County) to cover the expenses related to his extradition. Following the filing of the declaration of delinquency, defendant left New York State and was ultimately apprehended in Tennessee. Pursuant to the terms and conditions of his probation, which had been modified in May 2010 to incorporate the terms and conditions of a Drug Treatment Court Contract that he had executed in order to participate in the Yates County Drug Treatment Court Program, defendant was required to reimburse the County for all expenses related to his extradition. Moreover, as part of his plea agreement with respect to the violation of probation herein, defendant agreed to reimburse the County for the extradition expenses in exchange for a sentence of incarceration that was less than the maximum sentence authorized by law. Inasmuch as defendant agreed to reimburse the County as a condition of probation and "committed to such payment as part of his plea agreement," we see no basis upon which to vacate the order of restitution (*People v Carter*, 64 AD3d 1089, 1091, *lv denied* 13 NY3d 835; *see People v Burke*, 47 AD3d 1161, 1161; *People v Perry*, 261 AD2d 650, 650-651, *lv denied* 93 NY2d 1024; *cf. People v Monroe*, 82 AD3d 1674, 1675, *lv denied* 17 NY3d 808; *People v Pelkey*, 63 AD3d 1188, 1190-1191, *lv denied* 13 NY3d 748). We acknowledge our prior decisions in *People v Watson* (197 AD2d 880, 880-881) and *People v Dulanski* (175 AD2d 672, 672), but we note that those decisions preceded the amendment to CPL 570.56, which permits a county to seek reimbursement for extradition expenses "from the person who was extradited" (*see* L 1995, ch 193, § 1).

Entered:  September 26, 2014                    Frances E. Cafarell
                                               Clerk of the Court