■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVIN A. SMITH, Appellant. [12 NYS3d 921]—Clark, J. Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered September 25, 2013, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with assault in the second degree, stemming from an altercation with a peace officer. He pleaded guilty as charged and waived his right to ap-

peal. As part of the plea agreement, defendant was placed on interim probation for a period of one year. County Court advised defendant that, if he successfully complied with the terms of interim probation, he would be allowed to withdraw his plea and plead guilty to attempted assault in the second degree and would be sentenced to five years of probation, but, if he failed to comply, he faced a prison sentence of up to seven years. Defendant failed to comply with the terms of interim probation and County Court sentenced him to three years in prison, to be followed by three years of postrelease supervision. Defendant now appeals.

Defendant's sole contention on appeal is that his recitation of the facts during the plea allocution did not establish the element of physical injury required by the crime of assault in the second degree (*see* Penal Law § 120.05 [3]). Such a claim is precluded by his valid appeal waiver and is also unpreserved for our review due to his apparent failure to make an appropriate postallocution motion (*see People v Terrell*, 123 AD3d 1341, 1341-1342 [2014], *lv denied* 25 NY3d 953 [2015]; *People v Durham*, 110 AD3d 1145, 1145 [2013]). Moreover, contrary to defendant's contention, the narrow exception to the preservation requirement is only triggered "where a defendant has made statements inconsistent with his or her guilt which negate an essential element of the crime to which the defendant pleaded [and] not where the sufficiency of the articulation of the element is challenged" (*People v Seeber*, 12 AD3d 950, 950-951 [2004], *lv denied* 4 NY3d 803 [2005] [internal quotation marks and citations omitted]; *see People v Martinez-Velazquez*, 89 AD3d 1318, 1319 [2011]). Although inartful, the plea colloquy here does not fall within the ambits of such exception.

McCarthy, J.P., Egan Jr. and Devine, JJ., concur. Ordered that the judgment is affirmed.