Garry, J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered March 12, 2014, convicting defendant upon his plea of guilty of the crime of criminal nuisance in the first degree.
*1096 Defendant, who has a history of drug and alcohol abuse, maintained a residence in the City of Glens Falls, Warren County where people gathered for the purpose of selling illegal drugs. Following his arrest, he waived indictment and agreed to be prosecuted by a superior court information charging him with criminal nuisance in the first degree. He pleaded guilty and waived his right to appeal. The terms of his plea agreement included a term of interim probation and, upon successful completion, defendant was to be allowed a reduction to a misdemeanor, with a favorable sentence to be imposed. County Court further advised defendant that if he failed to successfully complete the interim probation, he would be sentenced to IV3 to 4 years in prison. Defendant was released on his own recognizance after entering the plea, subject to specified conditions, including abstention from the use of drugs or alcohol. He thereafter suffered a heroin overdose, resulting in a traumatic brain injury. Following his hospitalization and a short period of rehabilitation, he fled the jurisdiction and enrolled in a drug treatment program in California, but was discharged prior to completion. Defendant was arrested upon his return to New York. He then moved to withdraw his guilty plea (see CPL 220.60 [3]) or, alternatively, to dismiss the superior court information in the interest of justice (see CPL 170.40). County Court denied the motion and sentenced defendant as a second felony offender to 2 to 4 years in prison. Defendant appeals.
Defendant’s contention that his guilty plea was not knowing, voluntary or intelligent because County Court failed to properly inform him of the resulting sentence if he violated the terms of interim probation is not precluded by his waiver of the right to appeal and was preserved by his motion to withdraw the plea (see People v White, 85 AD3d 1493, 1493 [2011]; People v First, 62 AD3d 1043, 1044 [2009], lv denied 12 NY3d 915 [2009]). As defendant argues, he was misadvised at the time of the plea that the sentence to be imposed was IV3 to 4 years in prison, when, in fact, it was 2 to 4 years (see Penal Law § 70.06 [3] [e]; [4] [b]). Although the prosecutor stated later in the plea hearing that he “believed” that the maximum sentence was 2 to 4 years in prison, this was not confirmed by the court. The record thus fails to reveal that defendant was accurately advised of the essential terms and conditions of the plea agreement (see People v Vences, 125 AD3d 1050, 1050-1051 [2015]; compare People v Massia, 131 AD3d 1280, 1281 [2015]). Accordingly, his motion to withdraw his plea should have been granted. Defendant’s remaining contentions are rendered academic by this decision.
Lahtinen, J.P., Egan Jr. and Clark, JJ., concur. Ordered that *1097 the judgment is reversed, on the law, without costs, motion to withdraw plea granted, and matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court’s decision.