*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 24, 2016                    106259
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

CORY BANKS,
                        Appellant.
_____

Calendar Date:  January 14, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

        David E. Woodin, Catskill, for appellant, and appellant
pro se.

        James R. Farrell, District Attorney, Monticello (Meagan K.
Galligan of counsel), for respondent.

_____

Garry, J.

        Appeal from a judgment of the County Court of Sullivan
County (McGuire, J.), rendered October 15, 2013, convicting
defendant upon his plea of guilty of the crime of rape in the
second degree.

        Defendant was indicted on one count of rape in the first
degree and one count of rape in the third degree stemming from an
incident in which he was alleged to have forced a coworker to
engage in sexual intercourse with him.  Following plea
negotiations, defendant pleaded guilty to one count of rape in
the second degree in full satisfaction of the indictment and
waived his right to appeal in exchange for a sentencing
commitment of five years in prison with up to 15 years of

postrelease supervision.  In the course of the plea allocution, County Court led defendant in a factual recitation and also advised him that, as a condition of the agreement, it expected him to "respond truthfully and take responsibility for engaging in non-consensual intercourse with the [victim]" during his pre-sentencing probation interview.  Prior to sentencing, defendant twice moved to withdraw his plea on the ground that, among other things, it was not entered knowingly, voluntarily and intelligently.  The court denied the motions and, after determining that defendant had failed to take responsibility for engaging in nonconsensual sex with the victim at his probation interview, sentenced him as a second felony offender to an enhanced sentence of seven years in prison to be followed by 15 years of postrelease supervision.  Defendant appeals.

As an initial matter, defendant's contention that his plea was not knowing, voluntary, and intelligent survives his waiver of the right to appeal and was preserved by an appropriate postallocution motion (see People v Lacroix, 133 AD3d 1095, 1096 [2015]; People v White, 85 AD3d 1493, 1493 [2011]).  The crime to which defendant pleaded was not a lesser included offense of an offense charged in the indictment, either by virtue of its elements or by operation of CPL 220.20, which expands the definition of lesser included offenses for plea purposes.  However, as defendant's plea was "to a lesser crime technically inconsistent with the crime charged, albeit sharing common elements and involving the same victim," it fell within one of the two recognized "narrow exceptions" to the restraints on permissible pleas contained in CPL 220.10 (People v Johnson, 89 NY2d 905, 908 [1996]).

Where, as here, a defendant pleads to a lesser crime as part of a plea bargain, the court is not required to engage in a factual recitation in order to establish the elements of the crime (see People v Clairborne, 29 NY2d 950, 951 [1972]; People v Harris, 125 AD3d 1506, 1507 [2015], lv denied 26 NY3d 929 [2015]; People v McQueen, 57 AD3d 1103, 1103 [2008], lv denied 12 NY3d 760 [2009]), and, in fact, "under such circumstances defendants can even plead guilty to crimes that do not exist" (People v Johnson, 23 NY3d 973, 975 [2014]).  In this instance, although not required to do so, County Court nevertheless sought to elicit

the details of the crime from defendant prior to accepting his plea and led him in a factual recitation. The questions posed by the court during the allocution appeared to be designed to elicit from defendant facts supporting the elements of rape in the third degree, a crime which had been charged in the indictment, but was to be dismissed as part of the plea to rape in the second degree; notably, rape in the third degree includes the element that the victim's "words and acts" demonstrated that he or she did not consent to sexual intercourse with the defendant (Penal Law § 130.05 [2] [d]; see Penal Law § 130.25). In response to the court's inquiries, defendant admitted that he had engaged in nonconsensual sexual intercourse with the victim and that the intercourse was nonconsensual because the victim had "indicated to [him], by words or actions, that she did not wish to engage in sexual intercourse with [him]." This factual recitation was inconsistent with the crime to which he was pleading and, in fact, negated an element of that crime, namely that the victim be "incapable of consent by reason of being mentally disabled or mentally incapacitated" (Penal Law § 130.30 [2] [emphasis added]).

County Court failed to conduct any further inquiry prior to accepting the plea in order "to ensure that defendant underst[ood] the nature of the charge and that the plea [was] intelligently entered" (People v Lopez, 71 NY2d 662, 666 [1988]; see People v Castetter, 64 AD3d 1007, 1008-1009 [2009]; People v Ocasio, 265 AD2d 675, 677 [1999]). Thus, under the unusual circumstances presented here, we are constrained to find that the court erred in denying defendant the opportunity to withdraw his plea, as the record fails to demonstrate that his plea was entered knowingly and intelligently (see People v Johnson, 23 NY3d at 975-976; People v Worden, 22 NY3d 982, 985-986 [2013]; People v Marrero, 130 AD3d 1148, 1149 [2015]). Accordingly, defendant's plea must be vacated and the matter remitted to County Court. In light of this determination, defendant's remaining contentions are rendered academic.

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.

ORDERED that the judgment is reversed, on the law, plea vacated and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court