(May 25, 2017)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE C. COOK, Appellant. [52 NYS3d 680]—

Devine, J. Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered August 23, 2013, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the third degree.

In satisfaction of a two-count indictment, defendant pleaded guilty to the reduced charge of attempted criminal possession of a weapon in the third degree. County Court imposed the promised sentence of time served with a three-year conditional discharge and ordered defendant to pay agreed-upon restitution, which defendant had already paid at the time of sentencing. Defendant now appeals.

We affirm. Defendant first contends that count 2 of the indictment was jurisdictionally defective due to its failure to allege that the firearm that he allegedly possessed was operable, a material element of the crime of criminal possession of a weapon in the third degree. The count at issue recited the specific section of the Penal Law under which defendant was

charged, however, rendering the indictment jurisdictionally valid (*see People v Bonds,* 148 AD3d 1304, 1305 [2017]; *People v Rapp,* 133 AD3d 979, 980 [2015]). "Defendant's challenge here, although cloaked as a jurisdictional defect, is in fact addressed to the evidentiary sufficiency of the indictment" and, thus, was forfeited by his guilty plea (*People v Brice,* 146 AD3d 1152, 1154 [2017], *lv denied* 29 NY3d 996 [Apr. 20, 2017]; *see People v Price,* 234 AD2d 978, 978 [1996], *lv denied* 90 NY2d 862 [1997]; *People v Fields,* 208 AD2d 1050, 1051 [1994], *lv denied* 84 NY2d 935 [1994]).

Defendant next contends that his guilty plea was factually deficient because it failed to establish the element of operability necessary for a conviction of attempted criminal possession of a weapon in the third degree, but this issue is unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion to withdraw his guilty plea (*see People v Dejesus,* 146 AD3d 1077, 1078 [2017]; *People v Smith,* 130 AD3d 1375, 1376 [2015], *lv denied* 26 NY3d 1011 [2015]). The narrow exception to the preservation requirement was not implicated during the plea colloquy (*see People v Martinez-Velazquez,* 89 AD3d 1318, 1319 [2011]) and, in any event, defendant did not need to engage in a factual recitation of the elements of the crime since he pleaded guilty to a lesser crime than the one charged in the indictment as part of the plea bargain (*see People v Moore,* 71 NY2d 1002, 1006 [1988]; *People v Banks,* 137 AD3d 1458, 1459 [2016]).

Finally, contrary to defendant's contention, County Court did not err in ordering defendant to pay the cost of his extradition because he agreed to do so as part of the plea agreement (*see People v Carter,* 64 AD3d 1089, 1091 [2009], *lv denied* 13 NY3d 835 [2009]; *People v Burke,* 47 AD3d 1161, 1161-1162 [2008]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, P.J., McCarthy, Egan Jr. and Mulvey, JJ., concur. Ordered that the judgment is affirmed.