■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH J. HOLLENBECK III, Appellant. [60 NYS3d 521]—

Peters, P.J. Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered November 10, 2014, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

On December 28, 2013, defendant was charged with numerous crimes after an incident in which he went to the home of his daughter and her mother (hereinafter the victim) at 3:00 a.m. and engaged in a confrontation with the victim and her boyfriend. Pursuant to a plea agreement, defendant waived indictment and pleaded guilty to the reduced charge of attempted burglary in the second degree in satisfaction of a superior court information and other potential charges. The plea agreement, which included a waiver of appeal, provided that the sentence would be between six months in jail with five years of probation and two years in prison with three years of postrelease supervision. Defendant was remanded to jail pending a restitution hearing, during which time he was arrested for assaulting another inmate. Defendant thereafter moved to

withdraw his guilty plea, which County Court denied at the next appearance. Having previously indicated their intent to seek an enhanced sentence, the People ultimately agreed to resolve the jailhouse assault with an adjournment in contemplation of dismissal and, pursuant to the plea agreement, the court imposed a prison sentence of two years to be followed by three years of postrelease supervision. Defendant appeals.

Initially, we find that defendant's waiver of appeal was not valid, as neither the oral colloquy nor the written waiver signed by defendant adequately conveyed "that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Mitchell*, 144 AD3d 1327, 1328 [2016]). Accordingly, defendant's challenge to the factual sufficiency of the plea allocution is not precluded (*see People v Atkinson*, 124 AD3d 1149, 1150 [2015], *lv denied* 25 NY3d 949 [2015]) and it was preserved by his unsuccessful motion to withdraw his plea,* which he contends should have been granted (*see* CPL 220.60 [3]; *People v Farnsworth*, 140 AD3d 1538, 1539 [2016]). Nevertheless, we find his claims to be without merit.

Defendant argues that his plea was not knowing, voluntary and intelligent because he made statements during the plea allocution that were equivocal, unclear or inadequate. Contrary to defendant's claims, since he pleaded guilty "to a lesser crime as part of a plea bargain, [County C]ourt [was] not required to engage in a factual recitation in order to establish the elements of the crime" (*People v Banks*, 137 AD3d 1458, 1459 [2016] [internal quotation marks and citation omitted]). Moreover, defendant made no factual admissions that were inconsistent with the crime to which he was pleading guilty (*see People v Seeber*, 4 NY3d 780, 781 [2005]; *cf. People v Banks*, 137 AD3d at 1460). Accordingly, we are persuaded that defendant's guilty plea was a "knowing, voluntary and intelligent choice among alternative courses of action" (*People v Conceicao*, 26 NY3d 375, 382 [2015] [internal quotation marks and citation omitted]; *see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]).

Further, "[w]hether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (*People v Decker*, 139 AD3d 1113, 1116 [2016] [internal quotation marks and citation omitted], *lv denied* 28 NY3d 928

---

* We reject the People's assertion that the discussion preceding the ultimate resolution of the matter waived or rendered unpreserved the issues raised in defendant's motion to withdraw his guilty plea.

[2016]). For the reasons previously stated, we reject defendant's claims on the motion premised upon the insufficiency of the allocution. In support of his motion, defendant also submitted an affidavit asserting that he had not intended to commit a crime when he entered or remained unlawfully in the victim's home but, rather, merely entered out of concern for his child, and that he would not have pleaded guilty had he known that this was an element of the offense. However, "[a] defendant is not entitled to withdraw his [or her] guilty plea based on a subsequent unsupported claim of innocence, where the guilty plea was voluntarily made with the advice of counsel following an appraisal of all the relevant factors" (*People v Fisher*, 28 NY3d 717, 726 [2017] [internal quotation marks and citation omitted]; *accord People v Alexander*, 97 NY2d 482, 485 [2002]). Under these circumstances, we find no abuse of discretion in the denial of defendant's motion.

Finally, we discern no extraordinary circumstances or abuse of discretion warranting a reduction of the agreed-upon sentence in the interest of justice, particularly given that it resolved other charges and was significantly less than the maximum permissible sentence (*see* Penal Law § 70.02 [1] [c]; [3] [c]; *People v Godfrey*, 148 AD3d 1364, 1364 [2017]). Defendant's remaining claims have been reviewed and determined to be lacking in merit.

Rose, Mulvey and Pritzker, JJ., concur. Ordered that the judgment is affirmed.