People v Pittman (2018 NY Slip Op 07801)





People v Pittman


2018 NY Slip Op 07801


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

109373

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ONTE PITTMAN, Appellant.

Calendar Date: October 10, 2018

Before: Garry, P.J., Lynch, Devine, Aarons and Pritzker, JJ.


Aaron A. Louridas, Delmar, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a judgment of the County Court of Schenectady County (Sira, J.), rendered March 27, 2017, convicting defendant upon his plea of guilty of the crime of rape in the third degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with the reduced charge of rape in the third degree. Consistent with the terms of the plea agreement, which required him to waive his right to appeal, defendant pleaded guilty to the charged crime with the understanding that he would be sentenced to six months in jail and placed on probation for a period of 10 years. After the matter was adjourned for sentencing, defendant moved to withdraw his plea; the People opposed this request. County Court denied defendant's motion and thereafter imposed the agreed-upon sentence. Defendant now appeals.
Initially, we agree with defendant that his waiver of the right to appeal was invalid. County Court neither explained the separate and distinct nature of the waiver nor made any effort to ascertain whether defendant understood its implications and consequences (see People v Thompson, 157 AD3d 1141, 1141 [2018]; People v Farrell, 156 AD3d 1062, 1062 [2017], lv denied 30 NY3d 1115 [2018]; People v Dumas, 155 AD3d 1256, 1256 [2017]). Similarly, although defendant signed a written waiver in open court, County Court "failed to ascertain whether defendant had read the waiver, understood its contents and/or had discussed the ramifications thereof with counsel" (People v Mallard, 163 AD3d 1350, 1351 [2018]; see People v McClain, 161 AD3d 1457, 1458 [2018]; People v Brewster, 161 AD3d 1309, 1310 [2018]). Given the invalid waiver, "defendant's challenge to the severity of the sentence is not precluded" (People v Suddard, 164 AD3d 950, 951 [2018]) but, upon our review of the record, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the agreed-upon [*2]sentence in the interest of justice (see generally People v Treceno, 160 AD3d 1216, 1216 [2018]).
As for defendant's motion to withdraw his plea, although defendant now argues that he was pressured by the attorney initially assigned to represent him to accept the People's offer, was innocent of the charged crime and received the ineffective assistance of counsel,[FN1] the sole ground advanced in defendant's motion papers was the duress/coercion he felt in response to his arrest being reported on a "hate blog," his distrust of assigned counsel and his belief that there was a conspiracy against him. Defendant's claim of coercion is belied by his statements during the plea colloquy, wherein he assured County Court that he had been afforded sufficient time to confer with his family and counsel and was pleading guilty of his own free will (see People v Taylor, 135 AD3d 1237, 1237 [2016], lv denied 27 NY3d 1075 [2016]; People v Shurock, 83 AD3d 1342, 1344 [2011]), and his remaining arguments — actual innocence and the ineffective assistance of counsel — are not preserved for our review as they were not advanced in his motion to withdraw his plea (see People v Howe, 164 AD3d 951, 952 [2018]; People v Griffin, 134 AD3d 1228, 1230 [2015], lv denied 27 NY3d 1132 [2016]; People v Scales, 118 AD3d 1500, 1500-1501 [2014], lv denied 23 NY3d 1067 [2014]; People v Delarosa, 104 AD3d 956, 956 [2013], lv denied 21 NY3d 1003 [2013]; People v Wilson, 101 AD3d 1248, 1249 [2012]). As defendant did not make any statements during his allocution that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement was not triggered (see People v Burks, 163 AD3d 1286, 1287 [2018]; People v Haenelt, 161 AD3d 1489, 1490 [2018], lv denied 31 NY3d 1148 [2018]).
Were we to address these arguments, we would find them to be lacking in merit. Defendant's postplea (and entirely unsupported) protestations of innocence, as initially articulated during his presentence investigation interview and reiterated at the time of sentencing, are inconsistent with his sworn statements during the plea allocution and would not warrant vacatur of his plea (see People v Hollenbeck, 152 AD3d 974, 976 [2017], lv denied 30 NY3d 1061 [2017]; People v Chaires, 150 AD3d 1326, 1327 [2017], lv denied 29 NY3d 1124 [2017]; People v Cadet, 144 AD3d 1335, 1336 [2016], lv denied 28 NY3d 1143 [2017], cert denied ___ US ___, 138 S Ct 112 [2017]; People v Crispell, 136 AD3d 1121, 1122 [2016], lv denied 27 NY3d 1149 [2016]; People v Gibson, 95 AD3d 1033, 1033-1034 [2012], lv denied 19 NY3d 996 [2012]). To the extent that defendant contends that assigned counsel failed to properly investigate his case in the first instance, this argument implicates matters outside of the record and is better addressed in a CPL article 440 motion (see People v Franklin, 146 AD3d 1082, 1084 [2017], lvs denied 29 NY3d 946, 948 [2017]; People v Lewis, 143 AD3d 1183, 1185 [2016]). As for the Conflict Defender's asserted failure to obtain additional supporting affidavits for defendant's motion to withdraw his plea, counsel cannot be faulted for failing to pursue or, in this case, support a motion that had little chance of success (see e.g. People v Richardson, 162 AD3d 1328, 1332 [2018]; People v Pratt, 162 AD3d 1202, 1203 [2018], lv denied 32 NY3d 940 [2018]). Accordingly, we would find no basis upon which to conclude that defendant was denied meaningful representation. Defendant's remaining arguments have been examined and found to be lacking in merit.
Garry, P.J., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant's ineffective assistance of counsel claim is directed at both the attorney who was assigned to represent him at the time of his plea and the Conflict Defender who subsequently represented him on the motion to withdraw.