People v Favreau (2019 NY Slip Op 05812)





People v Favreau


2019 NY Slip Op 05812


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

109728

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
WILLIAM FAVREAU, Appellant.

Calendar Date: May 28, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


Jacob A. Vredenburgh, Wynantskill, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Clinton County (Bruno, J.), rendered March 17, 2017, convicting defendant upon his plea of guilty of the crime of rape in the second degree.
In satisfaction of a six-count indictment charging defendant with rape in the first degree and other crimes, defendant pleaded guilty to the reduced charge of rape in the second degree under the first count of the indictment. Pursuant to the terms of the plea agreement, which included a waiver of appeal, defendant was promised a prison sentence of five years followed by five years of postrelease supervision. At sentencing, County Court imposed the agreed-upon sentence on defendant, as an admitted second felony offender. Defendant appeals.[FN1]
We affirm. Initially, we agree with defendant that his waiver of appeal is not valid. Although an appeal waiver was recited as a condition of the plea agreement, defendant never actually waived this right during the plea allocution and the record does not reflect that he had a "'full appreciation of the consequences'" of the waiver so as to establish that it was knowing, voluntary and intelligent (People v Bradshaw, 18 NY3d 257, 264 [2011], quoting People v Seaberg, 74 NY2d 1, 11 [1989]). Although the record contains a written waiver of appeal apparently executed on the day of the plea allocution, County Court (Ryan, J.) "did not adequately ensure that defendant had read the waiver or understood its contents or ramifications" (People v Alolafi, 170 AD3d 1379, 1380 [2019]; see People v Haenelt, 161 AD3d 1489, 1489 [2018], lv denied 31 NY3d 1148 [2018]).
Defendant's challenges to his guilty plea as not knowing, voluntary and intelligent, and to the sufficiency of the factual allocution, were not preserved by an appropriate postallocution motion, despite ample time to do so (see CPL 220.60 [3]; People v Williams, 27 NY3d 212, 219-222 [2016]; People v Lopez, 71 NY2d 662, 665 [1988]; People v Kruppenbacher, 163 AD3d 1266, 1267 [2018], lv denied 32 NY3d 1065 [2018]; People v Butler, 134 AD3d 1349, 1350 [2015], lvs denied 27 NY3d 962, 963 [2016]). Contrary to defendant's claims, a pleading defendant need not recite every element of the crime or provide a "factual exposition" (People v Seeber, 4 NY3d 780, 781 [2005]). Moreover, where, as here, a defendant pleads to a lesser crime as part of a plea bargain, the court is "not required to engage in a factual recitation in order to establish the elements of the crime" (People v Hollenbeck, 152 AD3d 974, 975 [2017] [internal quotation marks and citation omitted], lv denied 30 NY3d 1061 [2017]; see People v Clairborne, 29 NY2d 950, 951 [1972]); under these circumstances, "no factual basis for the plea is required" and a defendant "'can even plead guilty to crimes that do not exist'" (People v Banks, 137 AD3d 1458, 1459 [2016], quoting People v Johnson, 23 NY3d 973, 975 [2014]). Contrary to his claim, defendant did not make any statements during his plea allocution or at sentencing that were inconsistent with his guilt of the reduced crime or called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation rule (see People v Tyrell, 22 NY3d 359, 363-364 [2013]; People v Lopez, 71 NY2d at 666). Defendant's statements at sentencing disparaging the victim's motives and veracity did not impose upon County Court (Bruno, J.) a duty of further inquiry (cf. People v Brassard, 166 AD3d 1312, 1313 [2018]; People v Chin, 160 AD3d 1038, 1039-1040 [2018]). Defendant's remaining claims also lack merit.
Egan Jr., J.P., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Although defendant's pro se notice of appeal contains an incorrect date for the judgment of conviction, we exercise our discretion to overlook this inaccuracy and treat the notice of appeal as valid (see CPL 460.10 [6]; People v Dunn, 160 AD3d 1202, 1202 n [2018]).