People v Gonzalez (2020 NY Slip Op 03144)





People v Gonzalez


2020 NY Slip Op 03144


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

109378

[*1]The People of the State of New York, Respondent,
v
Jorge Gonzalez, Appellant.

Calendar Date: May 22, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Henry C. Meier III, Delmar, for appellant, and appellant pro se.
Meagan K. Galligan, Acting District Attorney, Monticello, for respondent.



Devine, J.
Appeal from a judgment of the Supreme Court (Schick, J.), rendered February 16, 2017 in Sullivan County, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.
Following the fatal shooting of his wife, defendant was charged in a four-count indictment with various crimes, the most serious being murder in the second degree. In satisfaction thereof, he pleaded guilty to the reduced charge of manslaughter in the first degree and purportedly waived his right to appeal. In accordance with the terms of the plea agreement, defendant was sentenced to 25 years in prison followed by five years of postrelease supervision. He appeals.
Defendant contends, among other things, that his guilty plea must be vacated because it was the product of a defective superior court information. The record, however, discloses that the only accusatory instrument charging defendant with any crimes was the indictment and that he pleaded guilty to manslaughter in the first degree as a lesser included offense of count 1, which charged him with murder in the second degree (see CPL 220.10 [4] [5]; 220.20 [1]; Penal Law §§ 125.20 [2]; 125.25 [1] [a]). To the extent that defendant challenges the guilty plea as not knowing, intelligent or voluntary, or as founded upon an inadequate factual allocution, those challenges are unpreserved in the absence of an appropriate postallocution motion, and the narrow exception to the preservation rule is not implicated (see People v Favreau, 174 AD3d 1226, 1227-1228 [2019], lv denied 34 NY3d 980 [2019]). Accordingly, we find no reason to disturb the judgment of conviction. We have considered defendant's remaining claims, including those advanced in his pro se supplemental brief, and find them to be unpersuasive.
Garry, P.J., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.