People v Berkman (2020 NY Slip Op 03143)





People v Berkman


2020 NY Slip Op 03143


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

109112

[*1]The People of the State of New York, Respondent,
v
Joseph G. Berkman Jr., Appellant.

Calendar Date: May 18, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.


Norbert A. Higgins, Binghamton, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered December 19, 2016, convicting defendant upon his plea of guilty of the crime of burglary in the third degree (two counts).
Defendant waived indictment and agreed to be prosecuted pursuant to two superior court informations, each charging him with one count of burglary in the third degree, with the understanding that he would be sentenced as a second felony offender to concurrent prison terms of 2 to 6 years. Pursuant to the plea agreement, defendant's plea also would satisfy other then-pending charges. After he pleaded guilty to both charges but prior to sentencing, defendant, who was being held in the local jail, was charged with promoting prison contraband in the first degree. Following an adjournment, the parties appeared for sentencing, at which time County Court indicated that it intended to impose an enhanced sentence of 3 to 6 years upon each of defendant's convictions (to be served concurrently) in exchange for the People's dismissal of the promoting prison contraband charge. After advising defendant that he could "get [his] plea back" because the court could not impose the initially-promised sentence and affording defendant time to confer with counsel, defendant indicated that he wished to proceed, and County Court sentenced defendant as a second felony offender to concurrent prison terms of 3 to 6 years. This appeal ensued.
We affirm. Defendant's challenge to the factual sufficiency and/or voluntariness of his plea is unpreserved for our review in the absence of an appropriate postallocution motion (see People v King, 166 AD3d 1236, 1237 [2018]; People v Small, 166 AD3d 1237, 1238 [2018]; People v Hatch, 165 AD3d 1321, 1321-1322 [2018], lv denied 32 NY3d 1125 [2018]). The narrow exception to the preservation requirement was not triggered here, as defendant did not make any statements during the plea colloquy that were inconsistent with his guilt, negated an element of the charged crime or otherwise called into question the voluntariness of his plea (see People v Schmidt, 179 AD3d 1384, 1385 [2020]; People v Mackie, 177 AD3d 1192, 1193 [2019], lv denied 34 NY3d 1130 [2020]; People v Alexander, 174 AD3d 1068, 1069 [2019], lv denied 34 NY3d 949 [2019]). Further, "nothing on the face of the [plea] colloquy calls into question . . . defendant's . . . capacity to enter into it" (People v Mackie, 177 AD3d at 1193 [internal quotation marks and citations omitted]; see People v Lamb, 162 AD3d 1395, 1396 [2018], lv denied 32 NY3d 1112 [2018]). Under these circumstances, we discern no basis upon which to take corrective action in the interest of justice.
Garry, P.J., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.