People v Smith (2020 NY Slip Op 06415)





People v Smith


2020 NY Slip Op 06415


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

110863

[*1]The People of the State of New York, Respondent,
v
Jason S. Smith, Appellant.

Calendar Date: October 16, 2020

Before: Lynch, J.P., Mulvey, Devine, Pritzker and Colangelo, JJ.


Veronica Reed, Schenectady, for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered October 22, 2018, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
In satisfaction of a four-count indictment stemming from the robbery of a liquor store, defendant pleaded guilty to robbery in the first degree and agreed to waive his right to appeal. He was sentenced as a second felony offender, in accordance with the plea agreement, to a prison term of 20 years, followed by five years of postrelease supervision, to be served consecutively with a prior undischarged sentence. Defendant appeals.
Defendant's only contentions on appeal are that the waiver of the right to appeal was invalid and that the plea was not knowingly, voluntarily and intelligently entered. Regardless of whether the appeal waiver is valid, defendant's challenge to the voluntariness of the guilty plea would survive any such waiver (see People v Simon, 166 AD3d 1075, 1076 [2018]). Defendant's challenge to the voluntariness of the plea, however, is unpreserved for our review as the record does not reflect that an appropriate postallocution motion was made and the narrow exception to the preservation rule is not implicated by any statements made during the plea colloquy (see People v Gonzalez, 184 AD3d 899, 899 [2020]; People v Berkman, 184 AD3d 898, 898 [2020]; People v Martin, 179 AD3d 1385, 1386-1387 [2020]). As such, the judgment of conviction will not be disturbed.
Lynch, J.P., Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.