People v Lumpkin (2021 NY Slip Op 00460)





People v Lumpkin


2021 NY Slip Op 00460


Decided on January 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

111538

[*1]The People of the State of New York, Respondent,
v
Quadeer Lumpkin, Appellant.

Calendar Date: January 4, 2021

Before: Garry, P.J., Egan Jr., Lynch, Clark and Colangelo, JJ.


G. Scott Walling, Slingerlands, for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered July 15, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
Defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree. Pursuant to the terms of the plea agreement, defendant waived his right to appeal and executed a written waiver in open court. County Court sentenced defendant, as a second felony drug offender, to three years in prison, to be followed by two years of postrelease supervision, with the sentence to run consecutively to any sentence remaining from a prior conviction. Defendant appeals.
Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues that may be raised on appeal. Based upon our review of the record and counsel's brief, however, we perceive at least one issue of arguable merit pertaining to inconsistent references to the length of the prison term during the plea colloquy. Accordingly, without expressing any opinion on the ultimate merit of this issue, we grant counsel's application for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d 633, 638-639 [2001]; People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]).
Garry, P.J., Egan Jr., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.