People v Brown (2021 NY Slip Op 00596)





People v Brown


2021 NY Slip Op 00596


Decided on February 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 4, 2021

112131

[*1]The People of the State of New York, Respondent,
v
Levi Brown, Appellant.

Calendar Date: January 13, 2021

Before: Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Jonathan Rosenberg, PLLC, New York City (Jonathan Rosenberg of counsel), for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



Egan Jr., J.P.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered February 13, 2018, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
In March 2017, defendant was indicted and charged with two counts of criminal possession of a controlled substance in the third degree. Two months later, defendant was indicted and charged with two counts of criminal sale of a controlled substance in the third degree. Upon the People's motion, the two indictments were consolidated for trial, and the counts contained therein were renumbered. Defendant subsequently agreed to plead guilty to the reduced charge of attempted criminal possession of a controlled substance in the third degree (under count 1 of the consolidated indictment) with the understanding that he would receive a split sentence of six months' incarceration followed by five years of probation. The plea agreement also required defendant to waive his right to appeal. Following defendant's guilty plea, County Court imposed the agreed-upon sentence. This appeal ensued.
We affirm. Defendant's challenge to the voluntariness and/or factual sufficiency of his plea is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Brito, 184 AD3d 900, 901 [2020]; People v Berkman, 184 AD3d 898, 898 [2020]; People v Hatch, 165 AD3d 1321, 1321-1322 [2018], lv denied 32 NY3d 1125 [2018]). Contrary to defendant's assertion, the narrow exception to the preservation requirement was not triggered, as defendant did not make any statements that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Favreau, 174 AD3d 1226, 1228 [2019], lv denied 34 NY3d 980 [2019]; People v King, 166 AD3d 1236, 1237 [2018]). In any event, "where, as here, a defendant pleads to a lesser crime as part of a plea bargain, the court is not required to engage in a factual recitation in order to establish the elements of the crime" (People v Favreau, 174 AD3d at 1228 [internal quotation marks and citation omitted]; see People v Cook, 150 AD3d 1543, 1544 [2017]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit, and the judgment of conviction is affirmed.
Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.