People v Blankenbaker (2021 NY Slip Op 04928)





People v Blankenbaker


2021 NY Slip Op 04928


Decided on September 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 2, 2021

110484
[*1]The People of the State of New York, Respondent,
v
William F. Blankenbaker III, Appellant.

Calendar Date:August 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Stephen J. Carney, Schenectady, for appellant.
Lorraine Diamond, District Attorney, Fonda (James P. Melita of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered April 23, 2018, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.
In satisfaction of a two-count indictment, defendant pleaded guilty to criminal contempt in the first degree. County Court thereafter sentenced defendant, as a second felony offender, to a prison term of 1½ to 3 years. Defendant appeals.
Defendant's contention that the plea was not knowing, voluntary and intelligent is unpreserved for our review as the record does not reflect that an appropriate postallocution motion was made (see People v Brown, 191 AD3d 1047, 1047 [2021]; People v Botts, 191 AD3d 1044, 1045 [2021], lv denied 36 NY3d 1095 [2021]). We are unpersuaded by defendant's assertion that statements he made during the plea colloquy and at sentencing negated an element of the crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea, so as to trigger the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]).
As relevant here, a defendant commits the offense of criminal contempt in the first degree when he or she intentionally disobeys an order of protection of which he or she has actual knowledge because he or she was present in court when the order was issued, the order requires the defendant to stay away from the protected party and the defendant has been convicted of criminal contempt in the first or second degree during the preceding five years (see Penal Law § 215.51 [c]). When asked by County Court at the commencement of the plea proceeding whether it was his decision to enter a guilty plea, defendant responded, "Yeah, kind of. I mean, I'm guilty and I'm not guilty. I mean it's a catch-22, your Honor." Thereafter, the court proceeded to the plea allocution, during which defendant answered in the affirmative when asked if he was pleading guilty because he was, in fact, guilty of the offense and was doing so freely and voluntarily.
Additionally, defendant affirmatively responded when County Court asked whether he intentionally disobeyed the mandate, of which he was aware, that he stay away from the person on whose behalf the order of protection was issued. When the court asked again whether he had intentionally disobeyed the order of protection, defendant answered, "Yes, she came to me, yes. But, yes, I violated it because I didn't leave fast enough, I guess, so, yes, I violated it." Upon further inquiry by the court, defendant acknowledged that he had inappropriate contact with such person. Finally, defendant acknowledged that he had a prior conviction of criminal contempt in the second degree within the preceding five years. Defendant's affirmative responses to the court's inquiries were sufficient to remove any doubt about defendant's guilt or otherwise call into question the voluntariness of his plea (see People v Lopez, 71 NY2d [*2]at 666-667; People v Larock, 139 AD3d 1241, 1242 [2016], lv denied 28 NY3d 932 [2016]). Further, neither defendant's assertion in the presentence investigation interview that he was innocent because the police did not have evidence that he committed the crime nor any statements made at sentencing negated the element of intent so as to trigger further inquiry by the court (see People v Perez, 82 AD3d 1451, 1451 [2011], lv denied 17 NY3d 799 [2011]).
Egan Jr., J.P., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.