People v Lumpkin (2022 NY Slip Op 00477)





People v Lumpkin


2022 NY Slip Op 00477


Decided on January 27, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 27, 2022

111538B
[*1]The People of the State of New York, Respondent,
v
Quadeer Lumpkin, Appellant.

Calendar Date:December 30, 2021

Before:Garry, P.J., Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered July 15, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree and waived his right to appeal. County Court sentenced defendant, a second felony drug offender with a prior violent felony conviction, to a prison term of three years followed by two years of postrelease supervision. Defendant appeals.[FN1]
Defendant contends that his plea was not knowing, voluntary and intelligent due to inconsistent representations during the plea proceedings with respect to the sentence to be imposed. Although defendant's contention, which survives his unchallenged waiver of the right to appeal, is not preserved for our review due to the lack of an appropriate postallocution motion (see People v Blankenbaker, 197 AD3d 1353, 1354 [2021]), we nevertheless exercise our interest of justice jurisdiction to take corrective action. A review of the plea proceeding reflects that, when the terms of the plea agreement were placed on the record, it was stated that the prison term to be imposed would be two years. County Court then, in discussing defendant's second felony offender status, stated that the prison term was three years but, thereafter, informed defendant that, if he violated any jail rules prior to sentencing, it would not be bound by the promise of a two-year prison term. The record does not reflect that there was any clarification or correction regarding the misstatements as to the agreed-upon sentence either during the plea colloquy or at sentencing before a three-year prison term was imposed. As "[t]he record thus fails to reveal that defendant was accurately advised of the essential terms and conditions of the plea agreement" (People v Lacroix, 133 AD3d 1095, 1096 [2015]), we find that his plea was not knowing, voluntary and intelligent.
Garry, P.J., Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: When this matter was previously before us, we rejected counsel's Anders brief, withheld decision and assigned new counsel to represent defendant on appeal (190 AD3d 1195 [2021]).