People v Daniels (2024 NY Slip Op 00874)

People v Daniels

2024 NY Slip Op 00874

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Kern, J.P., Singh, Scarpulla, O'Neill Levy, Michael, JJ. 

Ind. No. 4456/15 Appeal No. 1681 Case No. 2019-1535 

[*1]The People of the State of New York, Respondent,
v
Jermelle Daniels, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Alexandra Ricks of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Elizabeth T. Schmidt of counsel), for respondent.

Judgment, Supreme Court, New York County (Abraham Clott, J.), rendered October 4, 2018, as amended February 13, 2019, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of six years, unanimously affirmed.
Defendant's Second Amendment claim requires preservation (see People v Cabrera, — NY3d &mdash, 2023 NY Slip Op 05968 [2023]), and we decline to review the unpreserved claim in the interest of justice. As an alternative holding, we find that on the present record, defendant has failed to establish that Penal Law § 265.03(3) is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]), or that he would be entitled to vacatur of his conviction on that basis.
The indictment's failure to allege that the gun was operable did not render it jurisdictionally defective. By citing Penal Law § 265.03(3), the indictment alleged all the elements of criminal possession of a weapon in the second degree (see People v Ray, 71 NY2d 849, 850 [1988]; People v Cook, 150 AD3d 1543, 1543-1544 [3d Dept 2017]). In any event, the indictment's reference to "armed felony" adequately alleged the element of operability (see People v Luis R., 220 AD3d 549, 550 [1st Dept 2023]; CPL 1.20[41]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024