People v Moses (2025 NY Slip Op 01683)

People v Moses

2025 NY Slip Op 01683

Decided on March 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 20, 2025

CR-23-1070
[*1]The People of the State of New York, Respondent,
v
Elijah Moses, Appellant.

Calendar Date:February 10, 2025

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Matthew E. Minniefield, Albany, for appellant.
Lee C. Kindlon, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Roger McDonough, J.), rendered March 17, 2023 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In December 2021, defendant was charged by indictment with attempted murder in the second degree and criminal possession of a weapon in the second degree. The charges resulted from an incident wherein defendant, armed with a sawed-off shotgun, knocked on the victim's door and, upon the victim opening the door, fired two shots into his chest. In full satisfaction of the indictment, defendant pleaded guilty to criminal possession of a weapon in the second degree and agreed to waive his right to appeal, both orally and in writing. Consistent with the terms of the plea agreement, Supreme Court sentenced defendant, as a predicate felon, to a prison term of 13 years, to be followed by five years of postrelease supervision. Defendant appeals.
Initially, we do not agree with defendant's contention that the appeal waiver is invalid. We have previously deemed this particular written waiver of appeal and a substantially similar accompanying oral colloquy valid (see People v Lane, 233 AD3d 1207, 1208-1209 [3d Dept 2024]; People v Taylor, 228 AD3d 1144, 1145 [3d Dept 2024], lv denied 42 NY3d 1022 [2024]; People v Joseph, 227 AD3d 1233, 1234-1235 [3d Dept 2024], lv denied 42 NY3d 1053 [2024]). Upon learning of defendant's intention to plead guilty, Supreme Court asked if defendant understood that a condition of the plea agreement was to "waive [his] right to appeal [his] guilty plea, the conviction that results from that guilty plea, and the sentence that results from that conviction." Defendant acknowledged his understanding, reviewed the written waiver of appeal — which made clear that the waiver was not an absolute bar to an appeal and specified which rights specifically survived — with his counsel and signed the written waiver of appeal. "Under these circumstances, we are satisfied that the counseled defendant understood the distinction that some appellate review survived and find that defendant's combined oral and written waiver of the right to appeal was knowing, intelligent and voluntary" (People v Lane, 233 AD3d at 1208-1209 [internal quotation marks and citations omitted]).
Defendant next challenges the factual sufficiency of his guilty plea; however, given the valid appeal waiver, his argument is precluded (see People v Demuth, 208 AD3d 1537, 1538 [3d Dept 2022]). Moreover, defendant's failure to make an appropriate postallocution motion renders that claim unpreserved for our review (see People v Brown, 191 AD3d 1047, 1048 [3d Dept 2021]; People v Smith, 130 AD3d 1375, 1376 [3d Dept 2015], lv denied 26 NY3d 1011 [2015]).
Defendant also contends that his plea was involuntary because Supreme Court made allegedly coercive statements regarding the advantageous nature of the plea, failed to acknowledge when the People's prior plea offer [*2]relative to sentencing changed, and only discussed defendant's waiver of his right to a hearing regarding his status as a predicate felon after the plea was taken. Although these contentions survive defendant's valid appeal waiver to the extent that they implicate the voluntariness of the plea, defendant failed to preserve these arguments for our review as he did not make an appropriate postallocution motion. Moreover, defendant's generalized statements at sentencing about not understanding his prior waiver of any self-defenses that he might have had and that he did not "understand none of the proceedings that was given to [him]," were not inconsistent with his guilt, did not negate an essential element of the crime or otherwise cast significant doubt upon his guilt so as to trigger the narrow exception to the preservation requirement (see People v Tyrell, 22 NY3d 359, 364 [2013]; People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Joubert, 155 AD3d 1255, 1256 [3d Dept 2017], lv denied 30 NY3d 1116 [2018]). To the extent defendant requests that we take corrective action in the interest of justice in relation to the voluntariness of his plea, we decline such invitation inasmuch as the record reflects that he made a knowing, voluntary and intelligent choice to plead guilty (see People v Atutis, 214 AD3d 1264, 1266 [3d Dept 2023]; People v Stevens, 217 AD3d 1280, 1280 [3d Dept 2023], lv denied 40 NY3d 952 [2023]; People v Favreau, 174 AD3d 1226, 1228 [3d Dept 2019], lv denied 34 NY3d 980 [2019]). To the extent not addressed herein, defendant's remaining contentions have been considered and found to lack merit.
Aarons, J.P., Pritzker, Ceresia and Powers, JJ., concur.
ORDERED that the judgment is affirmed.