People v Williams (2021 NY Slip Op 02020)





People v Williams


2021 NY Slip Op 02020


Decided on April 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 1, 2021

109642B

[*1]The People of the State of New York, Respondent,
v
Jamey Williams, Appellant.

Calendar Date: March 17, 2021

Before: Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.


Tara Brower Wells, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered September 13, 2016, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
Defendant and various codefendants were charged in an indictment with multiple drug-related crimes. In satisfaction thereof, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and waived his right to appeal. Under the terms of the plea agreement, defendant was to be sentenced as a second felony offender to four years in prison, followed by a period of postrelease supervision ranging between 1½ to 3 years. At sentencing, defense counsel indicated that defendant wished to make a motion to withdraw his guilty plea and did not want to proceed with sentencing. Defendant interjected that he wanted new counsel to represent him. Following a sidebar conference, County Court noted that there was an issue concerning defendant's time computation and whether he should be sentenced as a second felony offender. The court adjourned sentencing to further explore this issue.
When sentencing resumed, the People conceded that it was unclear whether defendant qualified as a second felony offender and agreed that he should be treated as a first felony offender for purposes of sentencing, which would expose him to a period of postrelease supervision ranging between one and two years instead of a range between 1½ and 3 years. Defense counsel responded that defendant wished to withdraw his guilty plea and that new counsel should be assigned to pursue such motion. Following further discussion, during which the People reiterated that they would recommend sentencing defendant as a first felony offender, County Court asked defense counsel how defendant wished to proceed. Defense counsel stated that she had discussed the options with defendant, including the possibility of having the court appoint new counsel to pursue a motion to withdraw defendant's guilty plea, and that defendant indicated that he wished to go forward with sentencing and be sentenced as a first felony offender. Defendant concurred on the record. County Court then sentenced defendant to four years in prison followed by 1½ years of postrelease supervision. Defendant appeals.
Initially, defendant contends that his guilty plea was not knowingly, voluntarily and intelligently entered as it was induced by a mistake in the law regarding his status as a second felony offender. In view of this, he asserts that County Court abused its discretion in denying his motion to withdraw his guilty plea. The record, however, discloses that defendant never actually made a motion to withdraw his guilty plea and affirmatively declined to pursue this course of action. Absent an appropriate postallocution motion, his challenge to the voluntariness of his guilty plea, while not precluded by his unchallenged appeal waiver, is [*2]unpreserved (see People v Botts, 191 AD3d 1044, 1045 [2021]; People v Brown, 191 AD3d 1047, 1048 [2021]; People v Smith, 188 AD3d 1357, 1357 [2020]). Defendant further claims that his counsel was ineffective in failing to undertake a proper investigation regarding his status as a second felony offender and that this influenced his decision to plead guilty. Absent an appropriate postallocution motion, this claim is also unpreserved given that it impacts the voluntariness of his plea (see People v Crossley, 191 AD3d 1046, 1047 [2021]; People v Lende, 190 AD3d 1110, 1111 [2021]). Moreover, the narrow exception to the preservation rule is inapplicable as the record does not disclose that defendant made any statements during the plea proceedings or at sentencing that were inconsistent with his guilt or that called into question the voluntariness of his plea (see People v Botts, 191 AD3d at 1045; People v Smith, 187 AD3d 1246, 1247 [2020]). In view of foregoing, we decline to disturb the judgment of conviction.
Egan Jr., J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.