People v Perez (2021 NY Slip Op 06396)





People v Perez


2021 NY Slip Op 06396


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

111853
[*1]The People of the State of New York, Respondent,
v
Luis Perez, Appellant.

Calendar Date:October 22, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.

Danielle Neroni Reilly, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the Supreme Court (Hogan, J.), rendered May 16, 2019 in Schenectady County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
During a traffic stop, a search of defendant's vehicle uncovered heroin. The following day, police obtained and executed a search warrant for defendant's residence, which uncovered additional amounts of heroin. Thereafter, defendant was charged in an indictment with three counts of criminal possession of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the fourth degree. After Supreme Court denied defendant's motion to suppress the evidence seized during the search of his residence, defendant pleaded guilty to one count of criminal possession of a controlled substance in the third degree and waived his right to appeal. Supreme Court sentenced defendant to the agreed-upon sentence of 5½ years in prison followed by two years of postrelease supervision. Defendant appeals.
Defendant's arguments regarding suppression of the evidence seized both at the traffic stop and upon execution of the search warrant are precluded by the unchallenged comprehensive waiver of the right to appeal (see People v Thomas, 34 NY3d 545, 564-565 [2019]; People v Inman, 177 AD3d 1167, 1168 [2019]). Furthermore, even if we were persuaded by defendant's characterization that such arguments raised in the context of ineffective assistance of counsel impacted the voluntariness of the plea and therefore survived the appeal waiver, they are foreclosed by his guilty plea in the absence of an appropriate postallocution motion, and the narrow exception to the preservation requirement is not implicated here (see People v Mayhew, 192 AD3d 1391, 1391-1392 [2021]; People v Horton, 173 AD3d 1342, 1343-1344 [2019], lv denied 34 NY3d 932 [2019]).
Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.