People v Malu (2021 NY Slip Op 07038)





People v Malu


2021 NY Slip Op 07038


Decided on December 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 16, 2021

112625
[*1]The People of the State of New York, Respondent,
v
Matthew Malu, Appellant.

Calendar Date:November 12, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Law Office of Wayne P. Smith, Schenectady (Wayne P. Smith of counsel), for appellant.
Letitia James, Attorney General, New York City (Lisa E. Fleischmann of counsel), for respondent.



Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered May 24, 2019, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Following an investigation into narcotics trafficking by the Attorney General's Organized Crime Task Force, a 205-count indictment was handed up that charged 30 people including defendant, with conspiracy to sell narcotics and various other drug-related crimes. Defendant was also charged with eight other drug sale and possession crimes. Pursuant to a written plea offer resolving all charges that required a waiver of appeal, the terms of which were outlined in open court, defendant pleaded guilty to criminal sale of a controlled substance in the third degree as charged in count 40 of the indictment and verbally waived his right to appeal. The plea agreement contemplated that sentencing would be capped at 12 years, followed by three years of postrelease supervision (hereinafter PRS), and that defendant would be adjudicated as a second felony offender based upon his federal drug-related conviction for which he was on parole at the time of his 2018 arrest on the state charges. After defendant pleaded guilty but prior to sentencing, the People obtained the federal certificate of conviction and realized that defendant's federal conviction could not serve as a predicate for second felony offender sentencing, and advised County Court of this at sentencing.[FN1] The People recommended that defendant be sentenced to a nine-year prison term with two years of PRS, the maximum permitted as a first felony offender, while defense counsel advocated for a lesser sentence. The court acknowledged that defendant was a first felony offender and thereafter imposed a sentence of nine years to be followed by two years of PRS. Defendant appeals.
We affirm. Defendant argues that his sentence is harsh and excessive on several grounds and asks this Court to reduce it in the interest of justice (see CPL 470.15 [3] [c]; [6] [b]). However, this claim is precluded by defendant's unchallenged waiver of appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v King, 185 AD3d 1090, 1091 [2020]; People v Brickhouse, 181 AD3d 1057, 1057 [2020], lv denied 35 NY3d 1025 [2020]). Defendant also complains that the plea offer became less favorable once it was determined that he was not a second felony offender, in that the promised 12-year cap was less than the maximum sentence if he were adjudicated a predicate felon, whereas the maximum sentence was imposed as a first felony offender (see Penal Law § 70.70 [2] [a] [i]). However, this was outlined on the record prior to sentencing, and defendant did not move to withdraw his guilty plea (see CPL 220.60 [3]) or otherwise object to the plea terms. Accordingly, any challenge to the voluntariness — or terms — of his guilty plea is unpreserved for our review (see People v Williams, 193 AD3d 1113, 1114 [2021]; [*2]People v Roche, 106 AD3d 1328, 1329 [2013]). Moreover, the sentence imposed was below the promised cap and, thus, there can be no claim that he did not receive the benefit of the plea agreement, which resolved eight other indicted felonies (see People v Robles, 172 AD3d 1780, 1781 [2019], lv denied 34 NY3d 983 [2019]; People v Widger, 160 AD3d 1297, 1298 [2018]). Contrary to defendant's claims, he was not promised a sentence two years below the maximum permitted sentence but, rather, was promised a sentence no greater than the 12-year cap. Furthermore, County Court in fact sentenced him as a first felony offender, but properly considered, among other relevant factors, his criminal history, i.e., his federal drug conspiracy conviction, the facts underlying it and the nature of his drug trafficking activities, in imposing sentence (see People v Young, 94 NY2d 171, 181-182 [1999]).
Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: In 2014, defendant was convicted of the federal crime of conspiracy to possess cocaine with intent to distribute, which it was undisputed is not equivalent to any New York felony and could not serve as a predicate for a second felony offender adjudication (see People v Ramos, 19 NY3d 417, 418-420 [2012]).