People v Lende (2022 NY Slip Op 02581)

People v Lende

2022 NY Slip Op 02581

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

110968
[*1]The People of the State of New York, Respondent,
v
Robert Lende, Appellant.

Calendar Date:March 24, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Barrett D. Mack, Albany, for appellant.
Susan J. Mallery, District Attorney, Howes Cave (Kevin P. Mallery of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Schoharie County (Bartlett III, J.), rendered November 7, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the first degree.
During an aerial search by the Schoharie County Sheriff's office of property owned by defendant and his wife, plots of cultivated marihuana were observed and, based on this observation, law enforcement on the ground entered the property. Following entry, but prior to the seizure of any marihuana, a search warrant was acquired while law enforcement remained on the property. Based on the foregoing, defendant was charged with criminal possession of marihuana in the first degree. Following a suppression hearing as to the admissibility of the marihuana seized but prior to decision thereon, defendant pleaded guilty to the crime charged. In accordance with the plea agreement, defendant executed a written waiver of appeal and was sentenced to a five-year term of probation in conjunction with other fines and fees and the requirement that he successfully complete drug treatment. Defendant appeals.[FN1]
We affirm. Defendant's argument regarding suppression of the evidence seized during the search of his property is precluded by the unchallenged waiver of the right to appeal (see People v Thomas, 34 NY3d 545, 565 [2019]; People v Perez, 199 AD3d 1171, 1172 [2021], lv denied 38 NY3d 929 [2022]). Moreover, "by pleading guilty after the suppression hearing but before a decision was rendered, defendant forfeited his right to appellate review of all claims related to the motion" (People v Nugent, 173 AD3d 1483, 1484 [2019] [internal quotation marks, brackets, ellipses and citation omitted]; see People v Burks, 187 AD3d 1405, 1408 [2020], lv denied 36 NY3d 1095 [2021]). Likewise, defendant's challenge to the severity of his sentence is precluded (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Rennie-Russel, 201 AD3d 1246, 1246-1247 [2022]; People v Malu, 200 AD3d 1350, 1351 [2021]). To the extent that defendant's claim of ineffective assistance of counsel implicates the voluntariness of his plea, it survives the unchallenged appeal waiver but is unpreserved as the record does not reflect that defendant made an appropriate postallocution motion (see People v Agueda, 202 AD3d 1153, 1154 [2022]; People v Hines, 200 AD3d 1217, 1218 [2021], lvs denied 38 NY3d 928, 931 [2022]). Further, the narrow exception to the preservation rule is not implicated here (see People v Williams, 193 AD3d 1113, 1114 [2021]).
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur. ordered that the judgment is affirmed.

Footnotes

Footnote 1: Defendant's wife pleaded guilty to criminal possession of marihuana in the fourth degree and, upon appeal, this Court affirmed her judgment of conviction (People v Lende, 190 AD3d 1110 [2021], lv denied 36 NY3d 1121 [2021]).