People v Kozik (2025 NY Slip Op 00806)

People v Kozik

2025 NY Slip Op 00806

Decided on February 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 13, 2025

113376
[*1]The People of the State of New York, Respondent,
v
Julian Kozik, Appellant.

Calendar Date:December 11, 2024

Before:Garry, P.J., Lynch, Fisher, Powers and Mackey, JJ.

Barrett D. Mack, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Powers, J.
Appeals (1) from a judgment of the County Court of Schenectady County (Mark Caruso, J.), rendered December 13, 2021, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree, and (2) from a judgment of said court, rendered December 13, 2021, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
At the commencement of a Mapp hearing, defendant pleaded guilty to criminal possession of a weapon in the second degree and the reduced charge of attempted criminal sale of a controlled substance in the third degree in satisfaction of two indictments and other pending charges and agreed to waive his right to appeal. In accordance with the terms of the plea agreement, County Court sentenced defendant to concurrent prison terms of four years, to be followed by periods of postrelease supervision, the maximum of which was four years. Defendant appeals.
Defendant's contention that defense counsel was ineffective for failing to proceed with a Mapp hearing prior to defendant accepting the plea offer does not implicate the voluntariness of defendant's plea and, therefore, is precluded by his unchallenged waiver of appeal (see People v Murray, 197 AD3d 1355, 1356 [3d Dept 2021], lv denied 38 NY3d 929 [2022]; compare People v Lende, 204 AD3d 1224, 1225 [3d Dept 2022], lv denied 38 NY3d 1151 [2022]; People v Perez, 199 AD3d 1171, 1172 [3d Dept 2021], lv denied 38 NY3d 929 [2022]). Similarly, to the extent that defendant challenges the sentence imposed as unduly harsh and severe, such claim is also foreclosed by his unchallenged appeal waiver (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Brabant, 229 AD3d 892, 897 [3d Dept 2024]; People v Cochrane, 228 AD3d 1082, 1082 [3d Dept 2024], lv denied 42 NY3d 1019 [2024]).
Garry, P.J., Lynch, Fisher and Mackey, JJ., concur.
ORDERED that the judgments are affirmed.