People v Robinson (2025 NY Slip Op 01677)

People v Robinson

2025 NY Slip Op 01677

Decided on March 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 20, 2025

113047
[*1]The People of the State of New York, Respondent,
v
Robin S. Robinson, Appellant.

Calendar Date:February 13, 2025

Before:Egan Jr., J.P., Clark, Lynch, Powers and Mackey, JJ.

Adam G. Parisi, Schenectady, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Nathan M. Bloom of counsel), for respondent.

Powers, J.
Appeal from a judgment of the County Court of Chemung County (Richard Rich Jr., J.), rendered June 7, 2021, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the third degree.
In 2020, defendant was charged by indictment with criminal possession of a weapon in the third degree stemming from the discovery of an assault weapon in his backpack during an arrest pursuant to a warrant on charges emanating from another county. Following an unsuccessful attempt to suppress the results of the search of his backpack incident to his arrest — but prior to a hearing on his motion seeking to suppress his statements to police — defendant accepted a plea offer pursuant to which he pleaded guilty to the reduced charge of attempted criminal possession of a weapon in the third degree. Pursuant to the agreement, defendant agreed to waive his right to appeal and was promised a prison sentence of two years, to be followed by two years of postrelease supervision. County Court thereafter imposed the agreed-upon sentence. Defendant appeals.

We affirm. Initially, we disagree with defendant's argument that his waiver of appeal was not valid. The record reflects that County Court thoroughly advised defendant that a waiver of appeal was an express condition of the plea agreement,[FN1] that the waiver was separate and distinct from the trial-related rights that he was forfeiting by pleading guilty, that certain issues survived the waiver and could be raised on appeal and explained the nature of his appellate rights and the rights being waived. Moreover, the court made clear that the appeal waiver would preclude any challenge to the denial of his suppression motion. Defendant confirmed that he had reviewed the waiver with defense counsel, understood it and agreed to it voluntarily. We find that the waiver of appeal entered into during the plea allocution was valid in that it made clear, among other things, that it was not an absolute bar to taking a direct appeal and that some issues were nonwaivable, while providing specific examples of some of those rights that did survive the waiver (see People v Thomas, 34 NY3d 545, 558 [2019]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Joseph, 227 AD3d 1233, 1234-1235 [3d Dept 2024], lv denied 42 NY3d 1053 [2024]).[FN2]
Although it may be the "better practice" (People v Thomas, 34 NY3d at 567; see People v Streater, 207 AD3d 952, 954 n 1 [3d Dept 2022], lv denied 39 NY3d 942 [2022]), it was not necessary for County Court to read the model colloquy on the waiver of the right to appeal verbatim or specifically delineate all the issues that survive a valid appeal waiver. Provided the defendant is waiving his or her right to appeal knowingly, intelligently and voluntarily, trial judges are not required to follow "any particular litany when apprising a defendant pleading guilty of the individual rights abandoned" (People v Lopez, 6 NY3d at 256; see People v Wint, 222 AD3d 1050, 1051 [3d Dept [*2]2023], lv denied 41 NY3d 945 [2024]).
As defendant's waiver of appeal was knowing, voluntary and intelligent, he is precluded from challenging the denial of his motion to suppress the physical evidence and the severity of the agreed-upon, lawful sentence (see People v Sanders, 25 NY3d 337, 342 [2015]; People v Taylor, 228 AD3d 1144, 1145 [3d Dept 2024], lv denied 425 NY3d 1022 [2024]). To the extent defendant raises arguments addressed to his motion to suppress his statements to police, he pleaded guilty prior to a Huntley hearing or decision on that motion. As such, he forfeited his statutory right to appeal that issue (see People v Elmer, 19 NY3d 501, 509 [2012]; People v Fernandez, 67 NY2d 686, 688 [1986]; People v Awny, 230 AD3d 1464, 1465 [3d Dept 2024]; People v Lende, 204 AD3d 1224, 1225 [3d Dept 2022], lv denied 38 NY3d 1151 [2022]).[FN3]
Egan Jr., J.P., Clark, Lynch and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant rejected a contemporaneously presented, alternate plea offer, which provided for a longer prison sentence but did not require a waiver of appeal, expressly telling County Court that he would accept the offer with the shorter prison term and "waive my right to appeal."

Footnote 2: The record reflects that, at sentencing, defendant reaffirmed his waiver of appeal, confirmed that he had discussed it with defense counsel, was again advised that certain issues survive the waiver and remotely signed a written waiver of appeal. However, this written waiver is not in the record on appeal. Nevertheless, in light of the sufficiency and validity of the oral waiver of appeal, the lack of a written waiver is not relevant (see People v Washington, 206 AD3d 1278, 1280 [3d Dept 2022], lv denied 39 NY3d 942 [2022]).

Footnote 3: Although defendant requested both Mapp and Huntley hearings, it appears only the former was held considering that the hearing and County Court's ruling focused on the lawfulness of the search of defendant's bag incident to his arrest. Even assuming the suppression ruling was intended to also address and deny defendant's motion to suppress his statements to police at the time of his arrest, his valid appeal waiver likewise precludes any arguments pertaining to the denial of that motion (see People v Sanders, 25 NY3d at 342; People v Taylor, 228 AD3d at 1145).